## WESTLAKE v. FARROW.

1. DOCKETS—PRACTICE.—A demurrer having been interposed to a complaint for the recovery of land, the cause was properly docketed on calendar 2 for trial by the court of the issue of law so raised, and the demurrer having been overruled and defendant given leave to answer, the cause was then properly transferred to calendar 1 for trial by jury.

2. JURISDICTION.—The Court of Common Pleas has jurisdiction to entertain an action in which plaintiffs seek to recover land and in the same action to have partition of the land when recovered.

3. JOINDER OF ACTIONS—DEMURRER.—But as a matter of practice it is a question whether two such matters may be joined in the same action, but in this case only the cause of action for recovery of the land was well pleaded, and therefore a demurrer for misjoinder was properly overruled.

4. IBID.—IBID.—When a complaint mixes up several allegations appropriate to two distinct causes of action, it seems that motion to make more definite or to strike out as surplusage is a better remedy in the first instance than demurrer.

Before NORTON, J., Spartanburg, July, 1890.

Action by O. D. Westlake and others against Abner T. Farrow. The Circuit Judge having overruled a demurrer to the complaint, the defendant appealed, alleging error in the following particulars: 1. In not ruling and holding that there was an improper joinder of causes of action. 2. In not ruling and holding that the court had no jurisdiction to try the cause. 3. In ordering the case to be transferred to calendar one. 4. In not sustaining the demurrer of defendant.

*Messrs. Duncan & Sanders* and *Bomar & Simpson*, for appellant.

*Messrs. M. F. Ansel* and *A. B. Calvert*, contra.

August 11, 1891. The opinion of the court was delivered by

MR. JUSTICE McIVER. The question presented by this appeal having arisen under a demurrer, it will be necessary to set forth, substantially, the allegations of the complaint, as follows: *First.* That one Thomas Rhodes died intestate, seized and possessed of the tract of land which is the subject of the action. *Second.* That the said land descended to the four plaintiffs, naming them, as the heirs at law of said intestate. *Third.* That said plaintiffs are each entitled to one undivided fourth part of said premises. *Fourth.* That defendant "is in possession of said premises, claiming to have some interest in same and wrongfully withholds same from these plaintiffs." *Fifth.* That plaintiffs "own no other land in this State in common with defendant." *Sixth.* That the intestate left no debts. The only judgment demanded is for an accounting and for partition. To this complaint defendant filed a written demurrer: 1st. "That several causes of action have been improperly united, one being for partition of a tract of land between the plaintiffs, and the other being to recover the

possession of said tract from the defendant." 2nd. "That the Court of Equity has no jurisdiction to hear and determine the issues between the plaintiffs and the defendant."

The case came on for hearing before his honor, Judge Norton, who overruled the demurrer and ordered the case to be transferred to calendar one. From this ruling defendant appeals upon the several grounds set out in the record, which raise but two questions: 1st. Whether there was an improper joinder of causes of action. 2nd. Whether the court had jurisdiction to try the case.

We infer that the case was originally docketed on calendar 2, as it involved an issue of law raised by the demurrer to be tried by the court, and when that issue was determined by the court by overruling the demurrer upon the ground, as we suppose, that the only cause of action stated in the complaint *against the defendant* was that for the recovery of the possession of real estate, the case was very properly transferred to calendar 1, in order that the only issue raised between the parties, which was triable by a jury, should be tried in that way. The "Case" does not show that the defendant was allowed to answer, but as that is conceded in the statement submitted by counsel for respondents, we see no necessity for this court to make any provision to that effect.

Taking up the second question first, we are unable to discover any ground for the proposition that the court had no jurisdiction to try the cause. While it is quite true that as long as the Court of Equity was a separate tribunal, invested with jurisdiction of equity matters, it could not take jurisdiction of a cause of action purely legal in its character, and hence, as was held in *Albergottie* v. *Chaplin* (10 Rich. Eq., 428), that court could not take jurisdiction of a case in which the demand was for the recovery of real estate from one or more of the defendants, in order that it might be partitioned among the plaintiffs and the other defendants. But since the Court of Equity, as a separate tribunal, has been abolished and the jurisdiction formerly belonging to it has been vested in the Court of Common Pleas, it is very manifest that there is no objection, on jurisdictional

grounds, to the maintenance of such an action. *McGee* v. *Hall*, 23 S. C., 388.

The only remaining inquiry is, whether two causes of action— one for partition and the other for the recovery of real estate— were improperly joined. Whether two such causes of action can be properly joined may admit of some question, though there are at least two cases (*McGee* v. *Hall*, *supra*, and *Reams* v. *Spann*, 28 S. C., 530) in which actions based upon these two causes of action have been maintained; but as the question presented here does not seem to have been raised in either of those cases, they cannot be regarded as decisive of the point. Nor, under the view which we take of the complaint in this case, is it necessary now to decide the point. It seems to us that the complaint, properly construed, really states but one cause of action against the defendant, to wit, for the recovery of real estate. It is true that at first blush the action would seem to be for partition, and judging from some of the allegations— the fifth and sixth—together with the demand for relief, it would seem that the object of the action was partition amongst the plaintiffs; but there is an absence of any allegation necessary to connect the defendant with such a cause of action; and as it is well settled that the demand for relief constitutes no part of the cause of action (*Balle* v. *Moseley*, 13 S. C., 439; *Levi* v. *Legg & Bell*, 23 *Id.*, 282), and as is said in Pom. on Rem., sec. 580, p. 630: "The prayer for relief is generally regarded as forming no part of the cause of action, and as having no effect upon it, and as furnishing no test or criterion by which its nature may be determined;" and to use the language of Mr. Justice McGowan, in *Hellams* v. *Switzer* (24 S. C., at page 44), "one of the standing admonitions of text writers on the Code is not to confound the cause of action with the nature of the relief sought," it is very obvious that the prayer for relief should have no influence in determining the nature of the cause of action set forth in the complaint.

Looking, then, solely to the allegations in the complaint, and disregarding the demand for relief, it seems to us clear that, while it is very possible that the pleader may have intended to set forth two causes of action—one for the recovery of real estate

18—34

and the other for partition—yet he has in fact set forth but one cause of action, and his intention to set forth a cause of action for partition was not carried out by making the necessary allegations for that purpose. This being so, it follows that the demurrer for misjoinder of cause of action cannot be sustained; for, as is said in *Jenkins* v. *Thomason* (32 S. C., at page 258), quoting from Pom. on Rem., sec. 448, page 484 : "To sustain a demurrer for this reason, however, the complaint must contain two or more good grounds of suit which cannot be properly joined in the same action. When a complaint, therefore, consists of two or more counts, and one sets forth a good cause of action, and another does not, although it attempts to do so, the pleading is not demurrable on the grounds of a misjoinder, even though the causes of action could not have been united had they been sufficiently and properly alleged." If this be so where the complaint purports to set forth two causes of action separately, as the rules of good pleading require, it is more especially so where, as in this case, the complaint purports to contain two causes of action, "mingled and combined in the same allegations ;" for, as is said by that standard author just quoted from, in section 451, "If the averments are found sufficient to express one cause of action, it may generally be said that the other averments are mere surplusage, which should be rejected on a motion made for that purpose."

Indeed, that distinguished author, while admitting that the decisions in several of the States are the other way, suggests as the proper practice in such a case, for the reasons stated in the section just quoted from, a motion in the first instance to make the pleading more certain and definite by arranging it into distinct causes of action stated separately, or a motion to strike out the redundant matter as surplusage, and thus reduce it to a single, definite cause of action. Inasmuch as we are not hampered by any authority here, and are not bound to follow the decisions elsewhere, we are disposed to adopt the suggestion of Mr. Pomeroy, and to hold where a complaint in a single count (so to speak) contains several allegations, some of which are appropriate to one cause of action and some to another, which it is claimed cannot be properly joined in the same action, that the remedy in the first instance is not by demurrer, but by a mo-

tion to make the pleading more definite by arranging the two causes of action separately, after which demurrer may be interposed, or by a motion to strike out as surplusage such of the allegations as may be appropriate to one cause of action and not to the other, with the right to the plaintiff to elect which cause of action shall be retained.

It seems to us, therefore, that in any view of the case, the demurrer was properly overruled, and the judgment of this court is, that the judgment of the Circuit Court be affirmed.