## CHAMBERLAIN v. MENSING.

*(Circuit Court, D. South Carolina.   September 1, 1892.)*

1. EJECTMENT—STATING SEPARATE CAUSES OF ACTION—MOTION TO MAKE COMPLAINT MORE DEFINITE.

In an action to recover possession of distinct parcels of land, not contiguous to each other, where defendant's alleged wrongful entry upon and withholding of one has no connection with the other, if the complaint fails to state separately the distinct causes of action as to each parcel, as required by the Code of Civil Procedure of South Carolina, the remedy is by motion to make the complaint more definite and certain, not by demurrer.   *Westlake v. Farrow*, 13 S. E. Rep. 469, 34 S. C. 270, followed.

2. SAME—DAMAGES FOR WITHHOLDING POSSESSION.

But a claim in such complaint for damages for such wrongful entry and possession need not be separately stated, as such damages are not, under the Code, an independent cause of action.

At Law.   Motion to make complaint more definite and certain. Granted.

*C. B. Northrop*, for the motion.

*Mitchell & Smith*, opposed.

SIMONTON, District Judge.   The complaint sets out that plaintiff is seised in fee of, and entitled to the possession of, "all those two lots or parcels of land situated and lying and being in the town of Summerville, county of Berkley, and state of South Carolina, to wit, one lot containing three acres, more or less, between Fourth and Fifth North, Main, and Magnolia streets, being the lots lettered *a*, *b*, and *c*, on square No. 41, in the Map of Summerville, made by C. E. Detmold; and also one other lot, containing three acres, between Railroad avenue and First North and Gum and Loblolly streets, being the lots lettered *a*, *b*, and *c*, on square No. 1, on said Map of New Summerville."   That the defendant is in the possession of said lands, and wrongfully withholds the same from plaintiff.   That he obtained possession by means of a wrongful, fraudulent, and tortious entry thereon, well knowing that he had no title whatsoever to the same, or right of possession thereof, but with the intent by such wrongfully taking possession to put plaintiff to his action, believing that plaintiff would not be able to establish a legal title to the same sufficient to recover thereof, although defendant knew that he himself was in no wise entitled to the same.   The damages are laid at $1,500.   The prayer is for the possession of the premises and for the damages.   The defendant asks that the plaintiff be ordered to make his complaint more definite and certain, by separately and distinctly stating the cause of action in reference to the separate parcels of land sought to be recovered, and by separately and distinctly stating the cause of action for damages, actual or punitive, sought to be recovered.

The plaintiff objects to this motion *in limine*, upon the ground that the proper mode of seeking relief is by demurrer.   We are bound by the decisions of the court of South Carolina on this question.   The rule in this state is established in the recent decision of *Westlake* v. *Farrow*, 34 S.

C. 270, 13 S. E. Rep. 469. That case decides: "When a complaint mixes up several allegations appropriate to two distinct causes of action, it seems that a motion to make more definite and certain is a better remedy than demurrer." And this course the court prescribes. Mr. Pomeroy is controlling authority in the state courts with regard to code pleading. He prescribes the same course. Pom. Rem. § 447. The complaint in the paragraph quoted evidently refers to two distinct parcels of land, not contiguous to each other, and not one tract made up of contiguous lots. The tortious entry upon and unlawful holding of one parcel would have no relation to or connection with the other. Such acts would be entirely distinct and separate. Each gives a complete and distinct cause of action. The Code of Civil Procedure permits, in certain instances, the union of several causes of action in one complaint. This is consolidation of actions. But all of the Codes require that the different causes of action should be separately stated. In other words, each must be set forth in a separate and distinct division of the complaint or petition, in such a manner that each of these divisions might, if taken alone, be the substance of an independent action. In fact, the whole proceeding is the combining of several actions into one. Id. § 442, approved in *Hellams* v. *Switzer*, 24 S. C. 42. 1 Boone, Code Pl. § 184, lays down the same rule: "The complaint in ejectment may be for two separate parcels of land. But the two causes of action must be separately stated, must affect all the parties to the action, and not require different places of trial." Pomeroy (section 446) states, among the forms of misjoinder: "(1) When different causes of action, which may properly be united, are alleged in the one complaint not distinctly and separately, but combined and mingled together in a single statement." The objection of the defendant in this respect is well taken.

A similar conclusion, however, is not reached with respect to his other objection, that the causes of action for damages, actual or punitive, should be separately and distinctly stated. The causes of action in this complaint are the unlawful entry into and possession of the two tracts of land therein mentioned. The relief sought is the recovery of the possession, and damages for the character of the entry and of the possession. The damages followed upon the proof of the rights of plaintiff. They are enhanced by the character of, and motive for the acts of, the defendant. They are not an independent cause of action. They are the result of the causes of action. The defendant has confounded the claim for mesne profits with the right for damages. The last punishes the defendant. The first simply restores to the plaintiff that which the defendant should return to him. Under the old common-law action of ejectment, no mesne profits or damages could be recovered. If the lawful owner desired mesne profits, he was put to a separate action. If he wanted damages as for tortious entry, he brought trespass. In South Carolina the action of ejectment fell into disuse. The adoption of the action of trespass to try title, in which the action was brought, "not only to try title, but for damages also," superseded ejectment. In this form of action the jury could find, as they chose, nominal damages, looking only to the ques-

tion of title, or could treat the action as sounding in damages when the evidence of the trespass was of such a character as to require it. The Code abolished formal differences between actions. It did not affect the substance of them. *Hellams* v. *Switzer, supra.* This complaint is, in substance, the old action of trespass to try title; and as in that action, so in this, damages are the result of the *delicit* which justified the action, and the punishment the law inflicts upon proof of it. A formal order will be filed in consonance with this opinion.