GLOVER v. REMLEY.

PLEADINGS—MOTION TO MAKE MORE DEFINITE AND CERTAIN—CAUSE OF ACTION.—Where a plaintiff unites with one cause of action against one defendant separate and distinct causes of action against his co-defendants, with which he has no concern, he will be required, on motion, to state his cause of action against such defendant separately.

Before BENET, J., Colleton, January. Reversed.

Action by Eleanor L. Glover v. Annie W. Remley et al. and the Charleston and Savannah Railroad Company. The following Circuit decree states the facts:

The plaintiff's complaint alleges: That Joseph Glover died 1840, leaving of force his will, by which he gave the real estate involved in this case to his son, Francis Y. Glover, for life, and after his death to his children. That Francis Y. Glover died 5th October, 1896, leaving one child, the plaintiff, and four grand-children, the issue of a son, Francis Y. Glover the second. This Francis sold his interest to Mrs. Grace, and she being dead, her heirs, who are some of the defendants, now hold her interest. The plaintiff claims to hold the property as tenant in common with these heirs, one-half to her and one-half to them. That in the posses-

sion of this land are certain defendants not necessary to be mentioned here, and that the Charleston and Savannah Railroad Company is in posession of twenty-one 62-100 acres, used as a right of way and for depot and other railroad purposes, and, furthermore, of four acres not used for railroad purposes. These are held by certain parties under leases from the railroad company. That no compensation has ever been paid to the plaintiff and her cotenants for the use of the lands used by the railroad, the only compensation being the right of free travel to the life tenant, Francis Y. Glover, for his life. That the plaintiff and her cotenants are entitled to compensation from the railroad company for the use of said land, from October 5th, 1896 (the date of the death of the life tenant), and that no fair, just, and equal partition of the said lands can be had till said compensation is fixed. That the plaintiff and her cotenants own no other land in common.

The prayer of the complaint is, that the right of the several parties may be adjudged; that the defendants, except her cotenants, may account for all mesne profits, and the rental value of the lands held by them, respectively, since 5th October, 1896, and that all of them, except the railroad company, surrender the possession of the lands held by them respectively. That the amount of compensation to be paid by the railroad company be fixed, and it be required to pay the same, and that the lands be partitioned and divided between the parties in interest, according to their respective rights.

The defendant, the Charleston and Savannah Railroad Company, moved to make the action more definite and certain, by compelling the plaintiff to arrange what said defendant regarded as three causes of action stated therein and blended together into distinct causes of action, stated separately, viz: the one for partition, the second for recovery of real estate, and third for compensation from the Charleston and Savannah Railroad Company; and also, having done this, to elect upon which of said separate and distinct

causes of action she intends to proceed, and that all others be struck out.

After hearing argument by counsel, I refuse the motion. The action is one for partition, and is not for the recovery of real estate; there is no allegation that any of the parties hold adversely to the plaintiff and her cotenants, and though in the course of the action a contest as to title may arise, there is none on the face of the complaint.

The other ground of the motion, that there is but one way in which a party can seek compensation from a railroad company for the use of its lands, viz: under the act allowing condemnation of property for its use, should not, in my opinion, be decided on a preliminary motion. The plaintiff contends that her property cannot, both under the Constitution of the United States and of this State, be taken from her without compensation; that she and her cotenants have never had such compensation, and that as the State has provided no such statutory means for giving her this compensation, she must resort to the equitable jurisdiction of this Court. Without intimating any opinion as to the correctness of this view, I think it better not to decide this question on a preliminary motion. The issue raised by the plaintiff is a novel one. Some of the plaintiff's cotenants are minors, who could not have exercised the right nor sought the remedy, under the statute providing for such compensation. If they are entitled in equity to be compensated for the easement enjoyed by the defendant railway company in these lands, then it would seem that the amount of recovery due as such compensation should be regarded as part of the estate sought to be partitioned in this proceeding. In that view, the complaint would still set out only one cause of action, viz: one for partition. The motion of the defendant railway company is, therefore, refused.

From this order the defendant railroad company appealed.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *On the*

*question decided:* 30 S. C., 113; 34 S. C., 270; 37 S. C., 55; 42 S. C., 119.

*Mr. H. E. Young,* contra, cites: *On point decided:* Code, 188; 49 S. C., 95, 192; 50 S. C., 65; 26 S. E. R., 635; 2 How. P., 640; 38 Atl. R., 963.

July 5, 1898.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.    This is an appeal from a decree or order of his Honor, Judge Benet, refusing a motion, submitted by the appellant, to make the complaint "more definite and certain, by compelling the plaintiff to arrange the three causes of action stated therein into distinct causes of action, stated separately, viz: the one for partition, the second for recovery of real estate, and third for compensation from the Charleston and Savannah Railroad Company for right of way;" and also requiring the plaintiff "to elect upon which of said separate and distinct causes of action she intends to proceed, and that the one chosen shall stand, and all others be struck out of said complaint."    The allegations of the complaint are sufficiently stated in the decree of the Circuit Judge (which should be incorporated in the report of this case) for the purposes of this inquiry.    It is very manifest from these allegations that no claim whatever is made against the appellant except for compensation, since the death of the life tenant, for the use of the right of way for its railroad, which it obtained and is still enjoying under some arrangement with the life tenant, Francis Y. Glover; what interest or concern the appellant has in the claim against some of the defendants for the surrender of portions of the land in their possession, or in the claim against others of the defendants for partition, it is impossible to conceive, and certainly is not made apparent by any of the allegations of the complaint.    So, also, it does not appear that those of the defendants who are alleged to be in possession of the land, and from whom the complaint seeks to recover possession, have any interest or concern in the claim which the

plaintiff makes against appellant for compensation for the right of way which it is now using. Nor is it clear that those of the defendants (the heirs at law of Mrs. Grace and of her deceased husband) who are conceded to be cotenants with the plaintiff, have a similar interest to that of the plaintiff in the compensation for the use of the right of way, inasmuch as the plaintiff claims as remainderman under the will of Joseph Glover, while the Graces claim ·as assignees of the other remainderman, Francis Y. Glover, jr. But if they have a similar interest with the plaintiff, then, under sec. 140 of the Code, they should have been joined as *plaintiffs*, or a reason stated in the complaint why they were not so joined, and no such reason appears in the complaint.

It seems to us, therefore, that this is a case in which the plaintiff has attempted to unite in a single complaint a separate and distinct cause of action against the appellant alone, with other separate and distinct causes of action against the other defendants, with which appellant has no concern; and that it was precisely such a case as entitled the appellant to require that the cause of action against it should be separately and distinctly stated, so that appellant might intelligently plead thereto. It seems to us that the decree of the Circuit Judge must be reversed.

We desire to add, that we consider it premature to consider now the question dwelt on in the argument as to the right of the plaintiff, or of the other cotenants, to claim compensation from the appellant in this or any other form of proceeding. That question cannot properly arise until the claim against appellant is separately and distinctly stated, and the appellant has an opportunity of properly pleading thereto. Nor are we to be regarded as considering or passing upon the rights of any of the other defendants, who have not appealed from Judge Benet's decree.

The judgment of this Court is, that the judgment and order appealed from be reversed.