## 9460

### O'FARRELL v. POSTON *ET AL.*

### (89 S. E. 483.)

BANKRUPTCY— FRAUDULENT CONVEYANCES— SUIT TO SET ASIDE— COMPLAINT.—Complaint of trustee in bankruptcy of J. against J. and M. to have deed of J. to M. of his half interest in land, which J. and M. owned in common, set aside as fraudulent, and plaintiff's half interest set off to him, *held* good against motion to state separately and distinctly what plaintiff wanted to exact of defendants.

Before GARY, J., Florence, November, 1915. Affirmed.

Action by C. T. O'Farrell, trustee in bankruptcy of J. A. Poston, against J. A. Poston, bankrupt, and another. From an order denying motion of defendants, they appeal.

The complaint and motion papers are as follows:

The plaintiff, complaining of the defendants, alleges:

1. That J. A. Poston & Son, a partnership composed of J. A. Poston and Ernest Poston, doing business at Lake City, S. C., and J. A. Poston and Ernest Poston, individually, filed in the District Court of the United States for South Carolina, on February 3, 1914, a voluntary petition in bankruptcy, and were by said Court adjudicated bankrupts.

2. That at a meeting of creditors called to meet in Florence, S. C., by A. F. Woods, referee in bankruptcy, the plaintiff herein was duly elected trustee for the estate of the said bankrupts, and has duly qualified and entered upon his duties as said trustee.

3. That the defendant, M. T. J. Poston, is the wife of J. A. Poston, and owned in common with her said husband a certain tract of land in the county and State aforesaid, containing 90 acres, each owning a one-half interest.

4. That on the 24th day of January, 1914, and on January 26, 1914, put the same on record, in the clerk's office for Florence county, J. A. Poston deeded to his wife his half interest of the land above mentioned, knowing at the time it belonged by operation of law, and in fraud of creditors, to his trustee for the benefit of his creditors. The said tract described as follows: "My interest in that certain piece and parcel of land conveyed to John A. Poston and M. T. J. Poston, by deed dated November 12, 1898, and containing ninety (90) acres, more or less, and bounded as follows, to wit: On the north by lands of E. B. McAllister; south by lands of the estate of F. M. Brown; east by lands of E. W. Gaskins, and west by lands of J. S. Evans."

5. That while the consideration as expressed in the deed is $1,000, as matter of fact no consideration passed between husband and wife for this conveyance, but the same is the property of the plaintiff herein, that is to say, one-half thereof, to wit, 45 acres, more or less; that said tract is con-

sidered valuable and is more important than any of the assets of the bankrupt turned over to plaintiff as trustee.

6. That plaintiff is the owner of said tract of land, and entitled to the immediate possession thereof, by reason of being the trustee of said bankrupt estate, and the defendant, M. T. J. Poston, wrongfully holds the same from plaintiff.

Wherefore, plaintiff demands the judgment of this Court: That the deed executed and delivered by the defendant, J. A. Poston, of the lands described above to M. T. J. Poston be by the defendant, M. T. J. Poston, turned over to the clerk of this Court to be canceled upon the record, and that the plaintiff and the defendant, M. T. J. Poston, have partition of the said lands, and for such other and further relief as the Court may adjudge. W. F. Clayton, Plaintiff's Attorney.

Notice of Motion to Amend. To W. F. Clayton, Esq., Attorney for the Plaintiff Above Named: You will please take notice that on Thursday, the 12th day of October, A. D. 1915, at 12 m. o'clock, or as soon thereafterwards as counsel can be heard, the defendants above named, by their attorney, the subscriber hereto, will move before his Honor, Judge Frank B. Gary, for an order to require you to amend your complaint in the above entitled action, by separating the causes of action therein alleged, and alleging: (a) Separately and distinctly your cause of action to set aside a deed for fraud; (b) by alleging separately and distinctly your cause of action for the recovery of the lands sought to be recovered; (c) by alleging separately and distinctly your cause of action for partition of the lands sought to be partitioned; (d) by alleging in each of said causes of action, when separately stated and pleaded, the particular defendant against whom the said action is brought. Said action will be based upon your complaint herein. Yours very truly, Philip H. Arrowsmith, Attorney for Defendants.

*Mr. Philip H. Arrowsmith,* for appellant, cites: 52 S. C. 492; 34 S. C. 274.

*Mr. W. F. Clayton,* for respondent.

July 13, 1916.

The opinion of the Court was delivered by Mr. Justice Gage.

The motion below was by the defendants, and was to require the plaintiff to amend his complaint so as to separately and distinctly state what he wanted the Court to exact of the defendants. The motion was refused, and the defendants have appealed.

We think the Circuit Court was right, and there is no merit in the appeal. The complaint and motion paper will be reported.

1. The contention of the appellant is that the plaintiff sues: (1) To set aside a deed for fraud; (2) to recover the possession of land; and (3) for the partition of land; and that three such causes of action are jumbled in one complaint, with no separate statement of them. The complaint is short; the first and second paragraphs are prefatory; they show how the plaintiff comes to sue. The third paragraph is historical and proper and free from obscurity. The fourth and fifth paragraphs allege a deed from one of the defendants to the other of land to which the plaintiff had before alleged a right; that the deed was without consideration, and made with the intent to defraud the plaintiff of his right. That makes a case, and the plaintiff need not have written the sixth paragraph, for it merely states the legal conclusion:

"Therefore. (supplied) the plaintiff is the owner of the said tract of land and entitled to the immediate possession thereof," etc.

The complaint is a plain and succinct statement of an action for a fraudulent conveyance, and none other.

It is true that if the fraud is proven the plaintiff ought to have the deed set aside, and have the land, as he prays in paragraph 6, not the possession of it, but the subjection of it to a debt; and it. is true that if the Court finds the fraud, and that the plaintiff is entitled to the one-half undivided title, the plaintiff is entitled to have his half set off to him, as he asks in the prayer, if the prayer be considered at all.

The appellant relies on *Glover* v. *Remley*, 52 S. C. 492, 30 S. E. 405, and *Westlake* v. *Farrow*, 34 S. C. 270, 13 S. E. 469; but the facts alleged in these cases are nothing like those alleged here.

The order below is affirmed.