## THE DOANE & JONES LUMBER COMPANY

*v.*

## THE ESSEX BUILDING AND LAND COMPANY.

[Argued January 15th, 1900. Decided January 29th 1900. Filed January 30th, 1900.]

1. A motion to strike out allegations of an answer in equity on the ground that the matter set up does not disclose any equitable defence, is a mere demurrer, and hence erroneous, under Chancery rule 213, authorizing adjudication of objections to any pleading on motion without demurrer.

2. Under rule 213, authorizing adjudication of objections to pleadings in equity on motion, a motion to strike out parts of answer for insufficiency cannot be sustained where the motion does not allege the particular defects objected to.

Doane & Jones Lumber Co. *v.* Essex Bldg. and Land Co.

*Mr. John G. Trusdell,* for the complainant.

*Mr. Fred Prout,* for the defendant.

Stevens, V. C.

The application in this case is misconceived. It is substantially a demurrer to the answer. Such a demurrer is not recognized in the books. *Travers* v. *Ross, 1 McCart. 254.* Rule 213 provides that any objections to any pleading or to any part thereof may be adjudicated upon on motion without the filing of a demurrer or *exceptions,* but the notice of such motion must state the particular ground or grounds of objection. By force of this rule such an application, in the case of an answer, does no more than take the place of exceptions, and is to be decided by the rules which apply in determining whether the exceptions are well taken. *Leslie* v. *Leslie, 4 Dick. Ch. Rep. 155.* Exceptions may be taken to an answer for scandal, for impertinence or for insufficiency. The passages which it may be claimed are impertinent or scandalous, must be pointed out. *Dan. Ch. Pr. *402.* If the answer is insufficient the plaintiff must state such parts of the bill as he conceives are not answered. *Dan. Ch. Pr. *877.* A statement of the particular ground of objection, whether for scandal or impertinence, necessarily includes a statement of, or specific reference to, the part of the answer objected to.

The notice in question states, first, that the matter set up in the amended answer does not disclose any equitable defence. This is mere demurrer. If complainant is willing to take the somewhat hazardous course of conceding all that defendant avers in the answer he should set the case down for hearing on bill and answer.

The second statement is that " *some* of the matter set up as a pretended defence" shows defendant guilty of fraud and that " a *part* of the matter set up ". is not properly pleaded. The particular matters thus criticised are not pointed out. If they had been the objection, if sustained, would have gone not to the whole bill but only to the part indicated.

The verification of the answer appears to be in the common form.

The application is denied, with costs.