7166

JONES v. McCREERY LAND AND INVESTMENT CO.

1. TRESPASS—DISTRESS—RENT.—A CAUSE OF ACTION for trespass for illegally distraining for rent and one for excessive distress may be jumbled in one cause of action and so tried under section 186a, Code of Procedure.

2. DISTRESS—RENT.—PUNITIVE DAMAGES may be recovered for excessive distress for rent.  Distress is not an action for detention of personal property.

Before KLUGH, J., Richland, November term, 1907.  Reversed.

Action by Clara Jones and her husband, Daniel Jones, against McCreery Land and Investment Company. From judgment for plaintiffs, they appeal.

*Messrs. P. A. McMaster* and *D. W. Robinson,* for appellants, cite: *Election:* 7 Ency. P. & P., 361; 73 S. C., 189. *Demurrer, not election, remedy:* Code of Proc., 165, 166, 60 S. E., 972; 73 S. C., 189; 65 S. C., 335; 66 S. C., 131; 66 S. C., 544. *Motion to strike out or demurrer is remedy against incompetent allegations:* 78 S. C., 545; 60 S. C., 390; 70 S. C., 10; 72 S. C., 192; Code of Proc., 181. *Punitive damages may be recovered:* 13 How., 371; 91 U. S., 489; 115 U. S., 512; 1 Suth. on Dam., 716-7, 719-20; 21 S. C., 599; 34 S. C., 324; 35 S. C., 488; 65 S. C., 516; 11 Rich., 386, 649; 60 S. C., 73; 70 S. C., 117; 75 S. C., 301; 60 S. E., 673; Sed. on Dam., 535; 76 S. C., 217; 37 S. C., 380; 66 S. C., 131, 544; 65 S. C., 335; 74 S. C., 438; 78 S. C., 108; 62 S. C., 384; 73 S. C., 190, 367; Code, 1902, 2434; 75 S. C., 158; 78 S. C., 545; 76 S. C., 381; 53 S. C., 454; Chev. L., 253; 106 U. S., 196; 9 Ency., 659; 102 Penn., 307; 16 Ill., 283; 91 Va., 548; 54 Ga., 230.

*Messrs. Melton & Belser,* contra, cite: *Two inconsistent causes of action mingled in one:* 9 Ency., 658; Code, 1902, 2434; 51 S. C., 217; 3 Johns Ch., 224; 13 L. R. A., 92, 473; 7 Ency. P. & P., 362; Bliss on Code Pl. Par., 122; 73 S. C., 189. *Section 186a, Code of Proc., does not apply:* 61 S. C., 184; 37 S. C., 55; 42 S. C., 119; Pom. Code Rem., secs. 347, 350, 656. *No punitive damages for excessive distress:* 51 S. C., 217; Code, 1902, sec. 2434; 34 S. C., 311; 74 S. C., 135; 60 S. C., 73; 69 S. C., 116; 53 S. C., 456; 4 McC., 156; 75 S. C., 156. *Punitive damages not allowed for detention of personal property:* 1 Bail., 497; 1 Strob., 15; 71 S. C., 1; 20 S. C., 512; 1 N. & McC., 237.

April 14, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an action for damages.

The allegations of the complaint, material to the questions involved, are as follows:

"That heretofore, on the 2d day of July, A. D. 1904, plaintiff, Clara Jones, rented from defendant a dwelling house situated in the city of Columbia, for which she agreed to pay as rental therefor seven ($7) dollars per month, or three and 50-100 ($3.50) dollars every two weeks.

"That subsequent thereto, said plaintiff, Clara Jones, paid the said rental regularly according to her contract to defendant, McCreery Land and Investment Company, the principal owner of said property, sometimes paying the same to defendant, G. T. Pressley, and sometimes to other employees of McCreery Land and Investment Company.

"That on the 20th day of March, 1906, the defendants herein unlawfully, wilfully, wantonly and in reckless disregard of the rights of plaintiff, Clara Jones, issued a distress warrant against all her goods and chattels for the purpose of collecting the sum of one and 75-100 ($1.75) dollars, which was illegally and wrongfully claimed to be due rent in arrears for said dwelling house on March 17, 1906; and unlawfully, wrongfully, wantonly and in reckless disregard of the plaintiff's rights, caused the said distress warrant to be levied upon the following goods and chattels of the plaintiff, Clara Jones, to wit: 2 rugs, 1 square, 1 trunk, 1 washstand and contents, 1 dresser and contents, 1 bedstead, 3 rocking chairs, 6 straight chairs, 1 bowl and pitcher, 1 table, 1 lamp, 1 clock, 2 pairs of pillows, 2 mattresses, 1 counterpane, 1 pair of rubber boots.

"That all of said property mentioned in paragraph 5 above was taken under said distress warrant by one J. A. H. Geiger, acting for the defendants, from the possession of Clara Jones on the 20th day of March, and was detained under said distress proceedings until March 21, 1906, at which time the said goods were relevied by plaintiff, Clara

Jones, at a cost to her of six and 75-100 ($6.75) dollars for rent in arrears, distress and storage charges.

"That there was nothing in fact due by said plaintiff for rent at the time said distress and levy was made.

"That the said distress so made by defendants was unreasonable and grossly excessive, in that the goods so distrained were reasonably worth seventy-eight ($78) dollars.

"That at the time said distress was made by the defendants as above mentioned, it was a cold, rough day, and said goods were taken in the evening of March 20th, and plaintiffs were compelled to go to another house to obtain lodging during the night of the 20-21, in order to obtain a place to sleep, and were put to great inconvenience and annoyance and considerable expense as shown above by the unlawful, wrongful, wilful and wanton acts and disregard of their obligations on the part of the defendants."

His Honor, the presiding Judge, made the following order: "On the call of this cause on the calendar for trial, defendants' attorneys moved before me to require the plaintiffs to elect upon which of the causes of action mingled in the complaint they would rely, that is to say, whether upon

"(1) The alleged cause of action for trespass based upon no rent being due, or upon (2) the alleged cause of action for an excessive distress. Being of the opinion that two causes of action as above stated were alleged and mingled together in the complaint, and that the said causes of action were inconsistent and could not stand together, I so held, and accordingly required the plaintiffs to elect. Thereupon the plaintiffs elected to rely upon the alleged caues of action for excessive distress.

"It is, therefore, ordered that the above stated action stand upon the docket of this Court for trial upon the cause of action for excessive distress alleged in the complaint therein." This is made the first ground of the exceptions.

Section 186 (a) of the Code is as follows: "In all actions *ex delicto* in which vindictive, punitive or exemplary dam-

ages are named in the complaint, it shall be proper for the party to recover his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instructions of the Court.

"In all cases where two or more acts of negligence or other wrongs are set forth in the complaint as causing or contributing to injuries for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instruction of the Court and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint."

The allegations of the complaint show that a single act gave rise to the different elements of damages, and that the case comes within the provisions of the section of the Code just mentioned. His Honor, the presiding Judge, therefore, erred in requiring the plaintiff to elect upon which cause of action he would proceed.

The next question that will be considered is whether punitive damages can be recovered for an excessive distress for rent. Section 2434 of the Code of Laws is as follows: "Every distress for rent shall be reasonable and not too great, and any lessor or landlord who makes unreasonable and excessive distress shall be liable for all damages sustained by the tenant whose goods are distrained by reason of such excessive distress. Such damages may be recovered by action in any Court of competent jurisdiction."

The word "all" preceding the word "damages" is comprehensive enough to include punitive as well as compensatory damages.

The last question made by the appellants is that punitive damages can not be recovered in an action for the detention of personal property. This, however, is not an action for the detention of personal property.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.