## 7858

### ALEXANDER v. HILL.

Charge that distress for rent must not be *excessive* held not to be an incorrect statement of the law. A distress of a stock of goods sold for $255 and of $3.00 in cash is excessive for $80 rent and $10 costs and expenses.

Before Gage, J., Calhoun, January, 1910. Affirmed.

Action by John Alexander against L. M. Able and F. F. Hill. Defendants appeal.

*Messrs. Buyck & Mann* and *Eugene W. Able,* for appellant. *Messrs. Buyck & Mann* cite: *Oppression defined:* 14 Fed. 597. *A distress to be illegal should be both unreasonable and excessive:* Code 1902, 2434; 9 Eng. C. L. R. 255; 22 Id. 281; 60 Id. 427; 51 S. C. 217.

*Messrs. J. M. Walker, Mann & Stabler, W. H. Townsend* and *G. Duncan Bellinger, Jr.,* contra, cite: *Illness of counsel:* 79 S. C. 85; 84 S. C. 574; 80 S. C. 335; 78 S. C. 556; 79 S. C. 85. *Plaintiff entitled to compensatory damages:* 62 S. C. 383; 82 S. C. 456. *Issue is, was the levy a reasonable amount to pay the rent:* 45 At. 537; 21 Pa. Sup. Ct. 635. *Unreasonable and excessive are synonymous:* 21 Pa. S. Ct. 635; 7 C. & P. 59; 80 S. C. 49; 82 S. C. 456; 67 S. C. 539; 51 S. C. 217.

April 17, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff brought this action for damages, actual and punitive, alleging that defendant Able as landlord on April 22, 1909, wilfully, wantonly, and maliciously issued a distress warrant against plaintiff's goods, fixtures and chattels in a storehouse in St. Matthews occupied by plaintiff as tenant, claiming eighty dollars to be due him as rent when no sum was due, and that defendant Hill as agent acting under such warrant wilfully, wantonly and maliciously distrained the goods and chattels of plaintiff in said storehouse of the value of eleven hundred dollars, carried them away and converted them, that said levy and distress was grossly unreasonable and excessive, that the defendant wantonly and maliciously ousted and dispossessed plaintiff of said storehouse and broke up his business as a merchant.

The answer of the defendants, after a general denial admitted that they levied and sold the goods of the plaintiff, but justified the seizure and sale by alleging that previous thereto the plaintiff violated the condition of the lease by attempting to vacate the premises before the expiration of the time fixed in the lease. The clause in the lease referred to stipulated that if the tenant should attempt to vacate the premises before the expiration of the lease, then he should become liable to the landlord for the next ensuing six months' rent as liquidated damages which should immediately be due and collectible as rent by distress or otherwise. It was not disputed that the rent had been regularly paid up to April 1, 1909. The lease expired July 15, 1909, and claiming that the tenant had attempted to vacate without the landlord's consent, distress was made for four months' rent at $20.00 per month. After the seizure the goods were appraised by sworn appraisers at $453.87, and when sold at auction in July, 1909, they brought $255. Besides this there was $3.01 in cash which was found in the store and taken with the goods. It appears that the expenses of seizure and sale did not exceed ten dollars, as defendants offered testimony to the effect that of the $258 received by defendants the amount of $168, was tendered to the plaintiff as the balance due him. The plaintiff testified that the value of the goods seized was $1,100 and the purchaser at the sale considered the goods worth $765. The main issues before the jury were, whether the tenant, plaintiff, had attempted to vacate the premises, whether the distress was unreasonable and excessive, what actual damages had been sustained by plaintiff, and whether the conduct of defendants was such as to warrant punitive damages.

The jury rendered a verdict for the plaintiff for $1,250. The defendants appealed upon nine exceptions, but have abandoned all except the third, fifth and seventh, which allege that the Court charged the jury in respect to matters of fact and the sixth exception, which is:

6. "Because his Honor erred in charging the jury as follows: 'And declared by its terms that the distress must not be excessive, means just what those words imply. Whether or not the distress is excessive is a question of fact for the jury. It is that matter that I put to the jury to determine whether the distress was excessive. I leave that to you * * * to say whether the amount of property seized on that day in April, 1909, to pay eighty dollars, was excessive. If it was excessive then Able was a wrongdoer.'

"In that the language used does not state a correct proposition of law, submits to the jury an improper and illegal question for their consideration and the question submitted in the language by the Court is not the question raised by the pleadings in the case at bar nor by any statute under which the action is brought and must stand or fall. The correct proposition and the issues joined in the pleadings and contemplated by the statute law applicable to the case being: 'Whether or not the distress levied in the case at bar was *unreasonable* and *excessive,* and not excessive alone.'

"And further, whether or not the distress was illegally, wantonly, wilfully and maliciously made."

The statute, section 2433, provides: "Every distress for rent shall be reasonable and not too great, and any lessor or landlord who makes unreasonable and excessive distress shall be liable for all damages sustained by the tenant whose goods are distrained by reason of such excessive distress. Such damage may be recovered by an action in any Court of competent jurisdiction."

This statute has been constructed to be comprehensive enough to include punitive as well as compensatory damages. *Jones* v. *Land & Investment Co.,* 82 S. C. 460, 64 S. E. 225. The Supreme Court of Delaware in *Weber* v. *Vernon,* 45 Atl. 537, 8 Words and Phrases 7209, defines "unreasonable distress" to mean such distress as a reasonable and fairly intelligent man taking into consideration the mode of sale, if the goods should come to sale, would

know to be materially more than enough to satisfy the rent and expenses, and such excess should be substantial and not of a trifling character.

It would be hard to define "unreasonable distress" without using the term "excessive," and "excessive distress" without using the term "unreasonable." Unreasonable and excessive are often used as synonyms. A substantially excessive distress must necessarily be an unreasonable one. We therefore see no error in the charge, as there can be no doubt the Court used the word excessive in the sense of substantially excessive. Moreover, the undisputed facts already stated show that the levy was very excessive and the Court might have properly charged, as matter of law, that a distress of goods which actually sold for $255 in addition to the cash $3 which was also seized, to pay $80 and expenses, $10 was unreasonable and substantially excessive, without any regard to the other testimony giving a higher valuation. If there is but a single article subject to seizure, as a valuable horse for example, a distress thereon would not be excessive even though the rent due was a very small sum in comparison, because of the necessity of the situation, but in this case there were many articles in the store, the one item of shoes being appraised at $143, and there appears no reason why a portion of the goods reasonably sufficient to pay the claim might not have been taken out of the store, leaving the plaintiff in possession of the store and remainder of his goods.

After carefully reading and considering the charge we are satisfied that there was no violation of the Constitution prohibiting judges from charging in respect to matters of fact, and that the exceptions in this regard show no prejudicial error.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS *concurs in the result.*