### HODGES v. BANK OF COLUMBIA *ET AL.*

#### (125 S. E., 417)

1. PLEADING—REQUIRING PLAINTIFF TO ELECT BETWEEN CAUSES OF ACTION ALLEGED HELD PROPER.—In action against bank, in which complaint alleged that defendants agreed to pay certain debts of the plaintiff on plaintiff's agreement to give mortgage on certain land, that defendants violated such agreement, and wilfully and fraudulently deceived plaintiff, and conspired together to break up plaintiff's business and to force a sale of plaintiff's property so that they might buy it for themselves, it was proper to require plaintiff to state theory on which he was proceeding, allegations stating cause of action for breach of contract with fraudulent intent and also in tort.

2. PLEADING—DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO ELECT HELD MADE IN TIME.—Defendant's motion to require plaintiff to state theory on which he was proceeding made before reading of pleadings *held* made in time.

3. PLEADING—DEFENDANT WAIVES MISJOINDER OF CAUSES OF ACTION BY FAILURE TO DEMUR, SUBJECT TO COURT'S POWER TO REQUIRE PLAINTIFF TO ELECT.—Defendant waives misjoinder of cause of action by failure to demur on such ground, and the causes of action remain in complaint subject to Court's power, on motion, to require plaintiff to elect upon which cause of action he shall proceed.

4. TRIAL—COURT ON OWN MOTION CAN REQUIRE ONE OR THE OTHER OF IMPROPERLY UNITED CAUSES OF ACTION TO BE FIRST TRIED.—When two causes of action have been improperly united, and remain in the complaint by reason of defendant's failure to demur, it is within the province of the presiding Judge on his own motion to require one or the other to be first tried.

5. BANKS AND BANKING—BANK MAY UNDER CERTAIN CIRCUMSTANCES PURCHASE DEBTOR'S OBLIGATIONS, THEREBY INCREASING OBLIGATIONS BEYOND LIMIT FIXED BY LAW.—A bank under certain circumstances may purchase obligations of a debtor, even though obligations of

bank from purchasing such obligations, not with any view of furnishing credit to a debtor; but entirely for its own protection. The statute (Civ. Code 1922, § 3999) refers specifically to liability for "money borrowed." The determining factor, I think, would be whether the transaction was for the benefit of the bank or was intended as an accommodation to the debtor. In this case there are allegations and evidence to support the theory that a new loan was to be made to the plaintiff covering the amount necessary to settle his mortgage indebtedness. Paragraphs 11, 13, and 14 of the complaint contain allegations that the defendant had agreed "to pay" the mortgages held by C. L. Kibler and others, and there are other allegations, and ample evidence, bearing out this construction. The Judge's charge covered this phase of the case, and correctly stated the law as to loans, and, if the plaintiff desired a modification, it should have been requested. I find no reversible error in the trial below, and the judgment should be affirmed, and it is so ordered.

MESSRS. JUSTICES COTHRAN and MARION concur.

MR. JUSTICE FRASER, (dissenting) : The plaintiff alleged that he was in debt, and applied to W. A. Coleman, as president of the Bank of Columbia, for financial assistance; that Coleman, as president of the Bank of Columbia, on behalf of his bank, contracted to advance the money necessary to relieve his financial embarrassment; that that contract was broken with the fraudulent purpose of throwing on the market plaintiff's property, in order that Coleman and his bank might buy it in at a sacrifice to the plaintiff. The other defendants were made parties on the allegation that the other banks were in control of the Bank of Columbia, and managing its affairs, and hence responsible for its breach of contract.

When the case was called and the jury impaneled the defendants stated that the plaintiff had united three causes of action, one *ex contractu* and the others *ex delicto,* and moved that the plaintiff be required to elect on which of the

debtor to bank are thereby increased beyond the limit fixed by law for "money borrowed" from bank; the test being whether the transaction was for the benefit of the bank or was intended as an accommodation to the debtor.

6. BANKS AND BANKING—COMPLAINT HELD TO PLEAD BANK'S CONTRACT TO MAKE LOAN TO DEBTOR.—In debtor's action against bank, in which it was claimed that bank's contract to make loan to debtor was void because it would result in indebtedness from debtor to bank exceeding ten per cent of bank's capital stock and surplus, complaint *held* to plead bank's contract to make loan to plaintiff, and not merely an agreement to accept from debtor security for loan already made.

Before PEURIFOY, J., Richland, March, 1922. Affirmed.

Action by P. A. Hodges against the Bank of Columbia and others.

The tenth exception follows:

X. Because it was error in the Court to charge the jury that the plaintiff could not make a contract with the defendants to have them to take up his mortgages on his land, on the ground that it exceeded 10 per cent. of the capital stock and surplus, was that it was not an application for a loan that he was applying for, but merely to secure a loan already made by said bank to him, and erred in misconstruing the whole contract.

*Messrs. Cole L. Blease* and *Graydon & Graydon,* for appellant, cite: *Causes of action:* Code, 1922, Sec. 216; 73 S. C., 268. *Demurrer:* Code, 1922, Sec. 194, 198; 105 S. C., 213. *Ultra vires contracts:* 66 S. C., 508. *Error to refuse non-suit then direct verdict:* 85 S. C., 483; 96 S. C., 153. *Punitive damages:* 116 S. C., 388. *Charge of presiding Judge error:* Cyc. Vol. 9, 250, 252; 46 S. C., 511.

*Messrs. Benet Shand & McGowan, Weston & Aycock, Sloan & Sloan, Melton & Belser, Robert Moorman,* and *Nettles & Tobias,* for the respondents, cite: *Complaint:* 61 S. C., 184. *Jumbled causes of action:* 119 S. C., 171; 7 Ency. Pl. & Pr. 361; 20 C. J. 3, 4; Pom. Sec. 484-487. *Plaintiff must elect:* 92 S. C., 1; 107 S. C., 465; 25 S. C.,

The appellant, when required to elect, went to trial upon the cause of action for breach of contract with fraudulent intent. It is evident that he also considered that a cause of action. for a tort was stated, as the appellant's argument contains the following statement: "The above cited case shows that this is an action on tort." It is evident that the same view was held at the trial, and he cannot complain because he was given the privilege of determining whether he would proceed to trial on contract or tort. He should not have been allowed to proceed upon both theories. *Mikell v. McCreery-Pressley Co.:* 105 S. C., 25; 89 S. E. 467. *Jones v. McCreery Land & Investment Co.:* 82 S. C., 456; 64 S. E. 225. If there were doubt as to the intention, the Court might, upon its own initiative or upon motion, have required an election.

The right to make a motion of this kind is clearly recognized in numerous decisions of this Court. It is affirmed in the recent case of *Jumper v. Dorchester Lumber Co.,* 119 S. C., 171; 111 S. E., 881. As to the time of making the motion, the only authority indicating the proper practice is *Ruff v. Railroad Company,* 42 S. C., 114; 20 S. E., 27, where the following language is used:

"We know of no law or rule prescribing the time when such a motion should ·be made, except that, from the very nature of the motion it must be before the commencement of the trial, and here the motion was submitted before the trial had commenced."

In the present case the motion was made before the reading of the pleadings, which acquaints the Court and jury with the issues involved, and this was substantial compliance with the requirements laid down in the *Ruff Case.* Unless this case is to be overruled, I do not see how the conclusion can be escaped that the motion came in time.

A demurrer upon the ground of a misjoinder of causes of action in the complaint is an entirely different matter from a motion to require the plaintiff to

elect upon which of two or more causes of action stated in his complaint he shall proceed to trial. If the demurrer should be sustained the complaint would be dismissed, unless leave should be granted to properly amend it. By a failure, however, to demur upon that ground the defendant will have waived the objection, and the causes of action improperly joined remain in the complaint, subject to the power of the Court upon motion to require the plaintiff to elect upon which cause of action he shall proceed to trial.

In fact, when two causes of action have been improperly united and remain in the complaint by reason of the defendant's failure to demur, it would be in the province of the presiding Judge upon his own motion, in the interest of an intelligent determination of each contest, to require one or the other to be first tried.

The effect of a pursuit of the remedy so elected upon the cause of action which remains in the complaint will depend upon an application of the principles of election of remedies set forth in the case of *McMahan v. McMahon,* 122 S. C., 336; 115 S. E., 293; 26 A. L. R., 1925, which need not be repeated here.

I do not see how the defendant could be entitled to a new trial upon any view of the pleadings. If the complaint states a cause of action for breach of contract with fraudulent intent only, then the plaintiff has had a trial upon that issue in which he was allowed the fullest latitude in establishing his case, and the order of election, if erroneous, was clearly harmless. If the complaint states a cause of action for breach of contract with fraudulent intent, or for a tort, or for both, he was properly required to elect upon which cause of action he would proceed to trial.

As to the tenth exception, there are doubtless circumstances under which a bank could legally purchase the obligations of a debtor, even though to do so would increase the obligations of such a debtor to the bank beyond the limit fixed by law. To hold otherwise might prevent a

three causes of action he would go to trial. The motion was really a demurrer for misjoinder of causes of action. The wisdom of the provision of the Code of Procedure in requiring such demurrer to be made within 20 days from the service of the complaint is manifest. No notice had been given. The plaintiff was taken by surprise, and utter confusion followed. The objection to a misjoinder of causes of action, not having been taken by demurrer, was not available by mere motion without notice after the trial had commenced.

The ruling affected the whole case, and a consideration of the other questions would be unsatisfactory, and a new trial must be ordered generally.

MR. JUSTICE WATTS disqualified.

MR. ACTING ASSOCIATE JUSTICE PURDY, (dissenting): The plaintiff alleged that he was in debt, and applied to W. A. Coleman, president of the Bank of Columbia, for financial assistance; and that Coleman, as president of this bank, in its behalf, contracting to advance the money necessary to relieve his financial embarrassment, and that the contract was broken with the fraudulent purpose of throwing on the market the property of the plaintiff, in order that Coleman and his bank might purchase it at a sacrifice to the plaintiff.

It is alleged in the complaint that the other parties to the action were in control of the Bank of Columbia and managed its affairs, and hence were responsible for the alleged breach of contract.

When the case was called and the jury impaneled the defendants stated that the plaintiff had united three causes of action, one *ex contractu* and the others *ex delicto,* and moved that the plaintiff be required to elect on which of the three causes of action he would go to trial.

The trial Judge ordered the plaintiff to elect on which cause of action he would proceed, and this he did, under the order of Court.

358·; 30 S·. C., 111; 37 S. C., 42; 42 S. C., 119; 38 S. C., 432; 47 S. C.; 211; Code, 1922, Sec. 427; 82 S. C., 456; 105 S. C., 25. *Motion to elect:* 42 S.. C., 114; 70 S. C., 108; 43 S. C., 221; 20 C. J., 44; 42 S. C., 114. *Punitive damages:* 77 S. C., 187; 116 S. C., 388; 91 S. C., 417. *Judge's charge. as to amount loaned not error:* Vol. 3, Code, 1922, Sec. 3999. *Illegal agreements:* 9 Cyc. 465; 66 S. C., 491; 1 S. C., 152; 20 S. C.; 430. *Note:* 113 A. S. R., 726·. *Doctrine of ultra vires not involved:* 66 S. C., 491. *Amendments:* 50 S. C., 459; 51 S. C., 142; 68 S. C., 250; 68 S. ·C., 410; 39 S. C.,; 233; 16 S. C., 231; 12 S. C., 173; 107 S. C., 387. *Correct charge:* 70 S. C., 114;·9 Exch. 353; Agency 1 A. & E. Enc. L., 937; 21 R. C. L., 817. *Contracts:* 13 C. J., 264; 96 S. C.,; 106; 112 S. C., 238; 54 S. C., 90; 47 S. C., 25. *Undisputed evidence; not charge on fact:* 38 S. C., 1; 68 S. C., 395; 96S. C., 14; 96 S. C., 387. *Rescission:* 115 S. E., 817.

May 13, 1924.

The opinion of the Court was delivered by ACTING ASSOCIATE JUSTICE R. E. DENNIS.

The allegations of the complaint in this action are. most appropriate for the statement of a cause of action for breach of contract with fraudulent intent, yet, if the intention was to allege a tort, in view of the allegations of conspiracy, oppression, and false representations,· I think that the complaint was sufficient for that purpose. It not being clear, therefore, whether the intention was·to allege a single cause of action for breach of contract with fraudulent intent, or a single cause of action for a tort, or: whether it was the intention to join the causes of.action for. both in the same action, there was no error in the Court's determining the intention before going on with the trial by requiring the defendant to. state upon which theory he was proceeding. This was necessary in order for the trial Judge· to properly instruct the. jury as to the law governing· the measure of damages and other elements involved.

I think that the complaint states but a single cause of action: Damages for the alleged breach of the contract between W. A. Coleman, as president of the Bank of Columbia, and as agent of the other banks named, whereby he agreed to lend to the plaintiff a certain sum of money, which loan was afterwards refused, to the damage of the plaintiff $50,000. The allegations of deceit and conspiracy were not intended to allege a separate cause of action, but were stated as a part and parcel and aggravation of the cause of action, based upon the fraudulent breach of the contract. As the plaintiff's counsel say in their printed argument. "There were not two causes of action, but only one." Had there been two causes of action apparent on the face of the complaint the remedy was by demurrer, and demurrer was not interposed. Had the defendant deemed that irrelevant and redundant matter was stated in the complaint, having no connection with the cause of action, then the remedy would have been to have moved to strike out such irrelevant or redundant matter, and such motion was not made.

This brings us to the consideration of the question whether in the circumstances the plaintiff should have been permitted to have proceeded with the trial of his cause upon the complaint as framed. It was strongly urged before the Court that under the proof in the case it would have been illegal to have made the loan, because, taken in connection with other loans already made, it would have exceeded the sum which they could have lawfully loaned to the plaintiff, and that, even though not pleaded, when such appeared to have been the case from the testimony, it could avail to defeat the plaintiff's cause of action.

I think that the question involving the mode of procedure strikes at the root of this case in the beginning, and is of such far-reaching consequences as affecting the orderly trial of causes that this suggestion should not prevail over the plaintiff's right to have his case presented under the prevailing rules of practice.

I think that the doctrine of election is well settled by the decisions, but is not really involved in this case, as I view it. The question is whether the plaintiff under a statement, which I find to contain a single cause of action, should have been allowed to proceed to trial and to have had the opportunity of offering proof on such allegations, without any fear in his mind of transgressing such order.

Counsel would naturally be confused and upset by having such order interposed. The certainty of the mode of procedure should be adhered to. A departure from it can only lead to confusion and uncertainty, and I think there was error in requiring the plaintiff to elect, and that the judgment should be reversed and a new trial, generally, granted.