HAIR *ET AL. v.* CAROLINA PORTLAND CEMENT CO.

(136 S. E., 743)

ACTION—CAUSES OF ACTION IN BEHALF OF INDIVIDUALS AND ON BEHALF OF CORPORATION ON CONTRACT MADE BY INDIVIDUALS FOR CORPORATION HELD IMPROPERLY JOINED.—Complaint stating alleged cause of action on behalf of individual plaintiffs against defendant, and also an alleged cause of action in favor of corporation against defendant on a contract made by the individual plaintiffs' for the benefit of plaintiff corporation prior to its incorporation and adopted by it, *held* to improperly join the two causes of action.

Before TOWNSEND, J., Richland, January, 1926. Reversed.

Action by Thomas E. Hair and others against the Carolina Portland Cement Company. From an order overruling the demurrer, defendant appeals.

*Messrs. Frierson & McCants,* for appellant, cite: *Where complaint jumbles causes of action an order refusing motion to make complaint more definite and certain is appealable:* 125 S. C., 297; 118 S. E., 617; 119 S. C., 171; 111 S. E., 881; 60 S. C., 521; 39 S. E., 9. *Corporation not bound by promoter's contract made before incorporation:* 17 A. L. R., 454. *Same; corporation may subsequently adopt contract:* 17 A. L. R., 461; 7 Thompson on Corporations, Ed. of 1899, Secs. 8282 and 8283. *Same; promoters have no right of action on such contracts after adoption by corporation:* 26 F., 594; 1 Fletcher on Corporations, Sec. 160. *Cases distinguished:* 80 S. C., 466; Code Civ. Proc., 1922, Sec. 356. *Promoters of corporation personally liable on contract made before incorporation:* 1 Fletcher on Corporations, Sec. 169. *Distinct causes of action between different parties cannot be joined:* 125 S. E., 417; 121 S. E., 547; 113 S. E., 474; 105 S. C., 525; 90 S. E., 163. *Case distinguished:* 70 Eng. Rep., Full Reprint, 1260.

*Messrs. E. J. Best* and *B. L. McDowell* for respondent.

February 16, 1926.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

"This action was commenced by the service of a summons and complaint on the defendant herein on the 4th day of November, 1925. On November 18, 1925, the defendant served on the attorneys for the plaintiffs a notice of motion, returnable before Judge Sease on November 23, 1925, for an order requiring the plaintiffs to make their complaint more definite and certain, etc., as therein specified. This motion was argued before Judge Sease, on November 23,

1925, and he handed down a written order, dated on that day, wherein he granted defendant's motion, in part; his order also required the plaintiffs' attorneys, within ten days after date of said order, to serve upon the attorneys for the defendant an amended complaint in conformity with the provisions of the order. Accordingly an amended complaint was served herein on December 3, 1925. The defendant, on December 12, 1925, served another notice of motion, returnable before Judge Townsend on December, 19, 1925, for an order in the particulars therein mentioned; and, later on the same day, while expressly reserving and not waiving its rights under the notice of motion theretofore served, the attorneys for the defendant served upon the plaintiffs' attorneys a demurrer to the amended complaint. Argument on the motion was heard by Judge Townsend on December 23d, and he announced his ruling orally on that day, but his formal order (while bearing date December 23, 1925) was actually drawn and signed on January 8, 1926. On this same day, to wit, January 8, 1926, argument was had before Judge Townsend on the defendant's demurrer to the amended complaint herein, and, after taking the matter under advisement, his Honor, on the afternoon of the 8th of January, 1926, made an order overruling the demurrer. This order was filed on January 9, 1926. On January 16, 1926, the defendant's attorneys duly gave notice of intention to appeal to this Court from the two orders of Judge Townsend above referred to."

The ninth exception of the appellant is:

"His Honor erred, it is respectfully submitted, in overruling the demurrer to the amended complaint and in holding that several causes of action have not been improperly united in said amended complaint; whereas, he should have held that several causes of action have been improperly united in said amended complaint; whereas, he should have held that several causes of action have been improperly united therein, in that it appears that the plaintiffs, Hair

and Killian, have an alleged cause of action on behalf of themselves as individuals against the defendant, while it also appears from said amended complaint that the plaintiff, Southern Steel & Cement Company, has an alleged cause of action against the defendant upon a contract made prior to its incorporation and for its benefit by said Hair and Killian with the defendant and which contract plaintiff, Southern Steel & Cement Company, adopted subsequent to its incorporation, and that the said individual plaintiffs cannot sue individually for damages to themselves as stockholders in the corporation, and that there is no allegation in the amended complaint of a joint liability of the defendant to all of the plaintiffs."

This exception is sustained under the cases of *Hellams v. Switzer,* 24 S. C., 39. *Ryder v. Jefferson Hotel Co.,* 121 S. C., 72; 113 S. E., 474; 25 A. L. R., 739. *Mauldin v. Milford Co.,* 127 S. C., 508; 121 S. E., 547. *Hodges v. Bank of Columbia,* 130 S. C., 115; 125 S. E., 417; and *Kickbush v. Ruggles,* 105 S. C., 525; 90 S. E., 163, and judgment of the Circuit Court overruling the defendant's demurrer is reversed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.