12363

FANT v. BRISSEY *ET AL.*

(141 S. E., 450)

1. ACTION—WHERE WILL CREATED TWO DISTINCT TRUSTS, PLAINTIFFS SUCCEEDING DEFENDANT AS TRUSTEE MUST BRING SEPARATE SUITS FOR BALANCES DUE.—Where testator created two separate and distinct trusts, plaintiffs appointed trustees under will as successors to defendant, *held* required to bring separate suits for balances due from defendant as trustee under such trusts, notwithstanding that executor of will was made trustee of both estates originally.

2. ACTION—IN ACTION BY TRUSTEES UNDER TESTAMENTARY TRUSTS AGAINST PREDECESSOR FOR BALANCES DUE, COMPLAINT HELD TO SHOW

TRUSTS WERE SEPARATE AND DISTINCT, REQUIRING SEPARATE SUITS.—
In action by plaintiffs who succeeded defendant as trustee under
testamentary trusts for balances due from defendant as such
trustee, complaint *held* to show that trusts created by will were
separate and distinct, requiring separate suits, and - that neither
beneficiary was interested in estate of the other, in view of refer-
ence to interests as trust estates and beneficiaries as several, and
allegation that bank received property for interest of beneficiaries
respectively, stating amounts separately under each trust.

3. PLEADING—COMPLAINT CONTAINING CAUSES OF ACTION WHICH COULD
NOT PROPERLY BE UNITED IS DEMURRABLE FOR MISJOINDER OF CAUSES.
—Where complaint contains causes of action which could not prop-
erly be united, whether separately stated or not, it is subject to de-
murrer for misjoinder of causes of action; defendant not being
required to compel separate statement and then demur.

4. PARTIES—DEMURRER WILL NOT LIE FOR MISJOINDER OR MULTIPLICITY
OF PARTIES.—Demurrer for defect of parties will lie, but not for
multiplicity or misjoinder of parties.

5. APPEAL AND ERROR—REFUSAL OF MOTION TO REQUIRE THAT CAUSES
OF ACTION BE SEPARATELY STATED IS APPEALABLE.—Refusal of mo-
tion by defendant to require that causes of action be separately
stated by plaintiff is appealable.

Before GRIMBALL, J., Anderson, October, 1926. Re-
versed and remanded.

Action by Bertha A. Fant and others, as administratrices
with the will annexed of O. H. P. Fant, deceased, against
W. L. Brissey and others, individually and as directors of
People's Bank of Anderson. From an order overruling a
demurrer to the complaint, and refusing a motion for an
order requiring the complaint to be made more definite and
certain, defendants appeal.

The thirteenth paragraph of the complaint reads as fol-
lows:

That in permitting Lee G. Holleman to borrow the sum
of $1,500.00 from the trust fund of Thos. P. Fant, and the
sum of $5,565.00 from the trust fund of A. Davis Fant,
when he, the said Lee G. Holleman, was president of said
Bank, a director therein, and both individually and as an

indorser heavily indebted to said Bank; when all his available collateral had been pledged except one small and comparatively worthless tract of land in Hall Township; when the security offered or pledged was deficient in quantity and value and grossly inadequate; when the Bank itself was on the verge of liquidation, and when it was in fact insolvent; when he, the said Holleman, was indebted, to the directors' own knowledge, to the Bank, for in excess of what the law allowed, without requiring that said Holleman first submit his proposed security with his application for loan, and then having the Board of Directors or its loan board scrutinize and pass upon said application and security, and without having had two-thirds of the directors, in writing, approve said loans, without demanding that said Holleman first furnish "good security," as was required by the will creating the trust—the defendants herein, as directors of said Bank, breached said trust and willfully and negligently and in disregard for their duties, under said trust and the law governing such transactions, directly and proximately, caused loss and damage to said trust estates in the sum of $1,089.12, for T. P. Fant, and in the sum of $4,035.69, for A. D. Fant, or in the aggregate of $5,122.81, with interest, for which amount therefore plaintiffs pray judgment against the defendants named, individually, severally, separately, and as directors of said People's Bank of Anderson, and for such further relief as to the Court may seem proper.

*Messrs. Thomas Allen* and *Watkins & Prince,* for appellants, cite: *Separate and distinct causes of action not joint:* 24 S. C., 39; 65 S. C., 122. *Liability of defendants cannot be determined without an accounting by People's Bank for conduct of its trust relationship:* 12 A. S. R., 488; 1 Michie on Banks and Banking, 381. *Misjoinder of causes of action:* Section 430, Code Procedure; 97 S. C., 2. *The rule that an order refusing a motion to make more definite and*

*certain is not appealable, is subject to exceptions:* Section 657, Code Procedure; 102 S. C., 442; 139 S. C., 163.

*Messrs. Wolfe & Miller,* for respondents, cite: *Cases distinguished:* 24 S. C., 39; 65 S. C., 122. *An executor, or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted:* 54 S. C., 223; 64 S. C., 509; Pom., Code Rem., 80, 451. *Allegations of a complaint are admitted by demurrer:* 141 S. C., 98. *Futility of bank as a party to this action:* 64 S. E., 398; 131 S. E., 612. *Joinder of actions:* 134 S. E., 222; 14 S. C., 494; 26 S. C., 480. *Where actions are improperly joined, Court may order division, and the action may not abate:* Sections 401, 435, Code Procedure; 1 C. J., 1143; 82 S. C., 227. *As to personal liability of directors:* 50 Vt., 477; 10 Am. Rep., 648; 3 Fed., 817. *Cause of action, not the relief demanded, controls:* 13 S. C., 439; 23 S. C., 282; 126 S. E., 719. *No appeal lies from an order refusing a motion to make more definite and certain, until after final judgment:* 132 S. E., 172; 139 S. C., 163.

January 26, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order of his Honor, Judge Grimball, overruling a demurrer to the complaint and refusing a motion for an order requiring the complaint to be made more definite and certain.

The action is to recover from the directors of the closed People's Bank of Anderson balances due by it, as trustee of Davis Fant, $4,035.69, and as trustee of Prue Fant, $1,089.12, with interest. The ground of liability claimed is irregularities in loans made by authority of the Board of Directors to Lee G. Holleman, then president of the Bank, of the funds of said trust estates.

The controversy may be understood from the fol-
1, 2  lowing facts alleged in the complaint, which for the
purposes of the demurrer, may be assumed to be
true:

In 1902 O. H. P. Fant died, leaving a will which has been
duly admitted to probate in Anderson County; he devised
certain property to his executor, Handy Fant, in trust for
his two sons, Davis Fant and Prue Fant; Handy Fant died
and W. C. Fant qualified as his executor; upon the death
of Handy Fant, executor of O. H. P. Fant's will, and
trustee of Davis Fant and Prue Fant, the People's Bank was
appointed administrator *de bonis non cum testamento an-
nexo* of the will of O. H. P. Fant, on July 16, 1919, suc-
ceeding in said capacity to all the liabilities of Handy Fant,
both as executor and as trustee of Davis Fant and Prue
Fant, under the will of O. H. P. Fant; after the death of
Handy Fant, the qualification of W. C. Fant as executor
of his will, and the appointment of the People's Bank as
administrator and trustee under the will of O. H. P. Fant,
after July 16, 1919, and before May 3, 1921 (the date not
appearing in the complaint), the People's Bank received
from W. C. Fant, executor of the will of Handy Fant,
money, bank stock, mill stock, etc., aggregating $10,000.00,
as substituted trustee of Davis Fant, and money, stocks, etc.,
aggregating $3,600.00 as substituted trustee of Prue Fant;
on January 5, 1923, the People's Bank was placed in the
hands of the State Bank Examiner for liquidation as an
insolvent bank; on August 25, 1924, by order of Court, the
People's Bank, in its capacity as administrator and trustee
under the will of O. H. P. Fant, was removed, and on Au-
gust 26, 1924, the plaintiffs, Bertha A. Fant and Harriet
M. Fant, were appointed and qualified as administratrices
and trustees under said will, successors of the People's
Bank; the plaintiffs have received upon account $1,529.31
as trustees of Davis Fant, and $412.88 as trustees of Prue

Fant, out of the sale of certain real estate pledged by Lee
G. Holleman, leaving a balance of $4,035.69 due the trust
estate of Davis Fant, and $1,087.12 due the trust estate of
Prue Fant, with interest, we assume, from the date of the
sale, January ——, 1926.

The defendants interposed a demurrer to the complaint
upon the several grounds stated, and also gave notice of a
motion for an order requiring the plaintiffs to make the
complaint more definite and certain by stating the causes
of action separately.

The demurrer was overruled and the motion was refused
in a short formal order by his Honor, Judge Grimball, and
from it the defendants have appealed upon grounds stated
in the exceptions.

In the view which we take of the fourth ground of de-
murrer, it will not be necessary to consider any other than
the first exception, nor do we think it necessary to detail
the grounds upon which the plaintiffs' alleged cause or
causes of action are based, or to discuss the motion.

The fourth ground of the demurrer charges an improper
joinder of two separate and distinct causes of action; one
by the plaintiffs as trustees of Davis Fant, and the other
by them as trustees of Prue Fant, against the directors of
the People's Bank, for alleged misconduct in connection
with a loan out of the trust funds of the separate trust
estates, in each instance a tort which resulted in a loss to
the estate.

If nothing else appeared in the complaint than the alle-
gation that O. H. P. Fant devised certain property to his
executor as trustee of his two sons, Davis Fant and Prue
Fant, there would be something in the contention that the
trust was a single trust, the beneficiaries being jointly inter-
ested therein, but there are many allegations in the com-
plaint inconsistent with this theory; in fact, which definitely
dispel it, and make it sure that a certain interest was de-

vised in trust for each of them, in which the other was not at all concerned.

In the second paragraph of the complaint the interests are referred to as trust *estates,* and the beneficiaries, as *several;* in the fourth paragraph it is alleged that the Bank received, for the interest of the beneficiaries, *respectively,* from the executor of the former trustee, "moneys, bank stock, mill stock, etc., in the aggregate of *$10,000, for A. Davis Fant,* and moneys, mill stock, etc., in the aggregate of *$3,600, for T. Prue Fant"*; in the fifth paragraph, it is alleged that Holleman, president, "borrowed funds from the Bank from the trust *funds* aforesaid"; in the eighth paragraph it is alleged that by authority of the resolution of the directors of May 3, 1921, Holleman borrowed from the Bank *"the trust fund held by said bank for T. P. Fant the sum of $1,500 and from the bank the trust fund held by said bank for A. Davis Fant, the sum of $5,565"*; in the ninth paragraph it is alleged "that out of the proceeds of said land, plaintiffs, as administratrices and as trustees as heretofore alleged, *received for A. Davis Fant* the sum of $1,529.30, and *for T. P. Fant* the sum of $412.88, leaving a balance due *for A. Davis Fant* of $4,035.69, and a balance *for T. Prue Fant,* of $1,087.12, to which extent, *respectively,* the *trust estates* and the plaintiffs, as administratrices and trustees, have been damaged; in the eleventh paragraph it is alleged that the Bank had been removed as trustee of the alleged *trust estates,* and that the plaintiffs have qualified as trustees *of said trust estates* "of T. P. Fant and A. Davis Fant, *respectively"*; in the thirteenth paragraph it is alleged that the defendants in certain detailed particulars breached their trust and wilfully and negligently caused a loss to said trust estates in the sum of $1,089.12 for T. P. Fant and in the sum of $4,035.69 for A. D. Fant."

It appears that the plaintiffs went as far as they could have gone in demonstrating that the trust estates were sep-

arate and distinct, and that neither beneficiary was at all interested in the estate of the other.

The tort complained of is detailed in the thirteenth paragraph of the complaint, to which reference may be had. It may have produced injury to many, each of whom would have a distinct and separate cause of action in the absence of a community of interest of two or more.

The rule is thus stated in Pomeroy's Remedies, § 231, quoted in *Hellams v. Switzer,* 24 S. C., 39:

"Where a personal tort has been done to a number of individuals, but no joint interest has been suffered and no joint damages sustained in consequence thereof, the interest and right are necessarily several, and each of the injured must maintain a separate action for his own personal redress. * * * In order that a joint action may be possible, there must be some prior bond of legal union between the persons injured, such as a partnership relation, of such nature that the tort interferes with it, and by virtue of that very interference produces a wrong and consequent damage common to all.

At Sections 184 and 189, it is said:

"Persons jointly entitled, or having a joint legal interest in the property or other rights affected by a tort, must join in actions brought to recover damages therefor. On the other hand, when the interest and right and the damages are both several, each person who has suffered the wrong must sue separately."

In *Hellams v. Switzer,* 24 S. C., 39, the Court quotes with approval the following from the case of *Rhoads v. Booth,* 14 Iowa, 576:

"The principle underlying is, that it is not the act, but the consequences which are looked at. Thus, if two persons are injured by the same stroke, the act is one, but it is the consequences of that act, and not the act itself, which is redressed; and, therefore, the injury is several. There can-

not be a joint action, because one does not share in the suffering of the other."

In *Griffin v. R. Co.,* 65 S. C., 122; 43 S. E., 445, the Court said:

"When several persons are injured by the same wrongful act their causes of action are separate and distinct [citing *Hellams v. Switzer,* 24 S. C., 39]."

The will of O. H. P. Fant created two separate and distinct trusts, one in favor of one son and the other in favor of the other. The fact that Handy Fant, the executor, was made trustee of both estates is accidental and in no wise affected the separate existence and character of the trusts. The same result followed as if separate trustees had been appointed. It follows that the plaintiffs as trustees of Davis Fant and Prue Fant, respectively, were entitled and were under obligation to bring separate suits based upon the tort complained of.

It may be contended, and we must admit that under the case of *Hellams v. Switzer,* 24 S. C., 39, there is some ground for the contention, that conceding that the complaint contains two causes of action which could properly be united in the same complaint, the remedy of the defendants was a motion for an order to require them to be separately stated, and not a demurrer for misjoinder of causes of action.

It appears audacious to criticize a decision of the Court composed of that great triumvirate Simpson, McIver, and McGowan, but when it may be pointed out that in it the Court overlooked a most vital distinction, the audacity may be condoned.

In the case of *Hellams v. Switzer,* a number of riparian proprietors of lands lying on a stream united in a single action to recover damages from the defendant arising from the construction of a dam across said stream, whereby the lands of the plaintiffs were overflowed. It was distinctly

alleged in the complaint that each of the plaintiffs owned a particular tract of land; the separate ownership of the different parcels was clearly stated; but, the Court held, as the allegation was made jointly in the same paragraph, stating one cause of action, as if the plaintiffs were tenants in common of all the different tracts and claiming for all together damages *in solido,* without indicating what part of the common damage was the share of the respective plaintiffs, the demurrer for misjoinder of causes of action could not be sustained.

It is difficult to follow the argument that the plaintiffs might be considered as suing as tenants in common of the several tracts, in the face of the allegation of separate ownership. It is clear that the plaintiffs attempted to set up a cause of action in each one of them for the damage done to his particular tract—causes of action which could not be joined in one action—and that the demurrer for misjoinder should have been sustained. .

The Court says:

"The plaintiffs having made no effort to state, perfectly or imperfectly, several causes of action, but all having joined in one, it seems to us that this is not a case for the application of the rules which govern the joinder of actions, *but rather those which apply to the joinder of parties.*"

It is well settled that a demurrer for misjoinder of parties will not lie. *Wright v. Willoughby,* 79 S. C., 438; 60 S. E., 971. A demurrer for *defect* of parties will lie, but not for a *multiplicity.* ·

In fact, the reasoning of the Court upon the second ground of demurrer, that the complaint did not state facts, etc., seems conclusive that the demurrer for misjoinder of causes of action should have been sustained. See *Hair v. Portland Co.,* 138 S. C., 475; 136 S. E., 743.

The distinction, as we understand it, is this: Where a complaint contains more than one cause of action which

could properly be united in the same complaint, but which, contrary to the rule, have not been separately stated, the remedy of the defendant is not a demurrer, but a motion for an order to require such separate statement; and, of course, when complied with, the complaint would not be subject to a demurrer for misjoinder, assuming that the causes of action could have been properly united.

But where a complaint contains causes of action which could not properly be united, whether separately stated or not, it is subject to a demurrer for misjoinder of causes of action. The defendant is not required to compel a separate statement and then demur. The law does not require such a useless circumambulation.

"If a complaint contains several causes of action which are improperly united, the omission to state the causes of action in separate counts properly numbered will not deprive defendant of the right to demur." 31 Cyc., 292.

In Bliss, Code Pl., § 412, it is said: '

" * * * It does not matter whether causes so improperly united are separately stated or not; the omission to state them in separate counts does not deprive the defendant of the right to demur."

To the same effect are *Goldberg v. Utley,* 60 N. Y., 427, and *Wiles v. Suydam,* 64 N. Y., 174.

But even if the ruling in *Hellams v. Switzer,* upon the demurrer for misjoinder of causes of action should be approved, the distinction between that case and the one at bar is clear. There it was held that the complaint stated a single cause of action for the reason that it did not indicate "what part of the *common* damage was the share of the plaintiffs', respectively"; while in the case at bar the trust *estates* were treated as separate estates, and the particular damage to each was detailed and claimed.

Again, if the ruling referred to should still be sustained, the *Hellams case* is conclusive upon the demurrer on the

ground that the complaint does not state facts sufficient to constitute a cause of action, in that no joint interest in the beneficiaries has been shown; on the contrary, the complaint shows that the interests are not joint, but separate and distinct.

Even if the demurrer upon both grounds must fail, the defendants were entitled to an order requiring that the causes of action be separately stated. That the refusal of their motion in this regard is appealable appears settled by the case of *Matheson v. American Co.,* 125 S. C., 297; 118 S. E., 617, and cases cited therein.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the Circuit Court with leave to the plaintiffs to amend their complaint by striking out one of the alleged causes of action, and to proceed by a separate action upon the other.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.