11280

MATHESON v. AMERICAN TELEPHONE, &c., CO.

(118 S. E., 617)

1. PLEADING—PLAINTIFF REQUIRED TO SEPARATELY STATE EACH OF TWO CAUSES OF ACTION.—Where the complaint alleged a cause of action for damage to plaintiff's realty and a cause of action for injury to her person upon another occasion, defendant has a right to require plaintiff to separately state each cause of action, as Code Civ. Proc., 1912, § 216, Subd. 2, providing that plaintiff need not

separately state each of several acts of negligence or other wrongs, does not authorize commingling of two causes of action.

2.  PLEADING—PLAINTIFF GENERALLY REQUIRED TO SEPARATELY STATE EACH CAUSE OF ACTION.—Generally, where two or more causes of action are set forth in the same complaint without being separately stated, defendant has the right under Code Civ. Proc., 1912, § 210, to require plaintiff to separately state the several causes of action.

3.  APPEAL AND ERROR—ORDER REFUSING TO REQUIRE PLAINTIFF TO SEPARATELY STATE SEPARATE CAUSES OF ACTION APPEALABLE.—An order refusing to require plaintiff to separately state separate causes of action involves the merits and is appealable.

Before TOWNSEND, J., Richland.    Reversed.

Action by Lillie B. Matheson against the American Telephone & Telegraph Company and others. From an order refusing to require plaintiff to make the complaint more definite and certain and an order allowing plaintiff to amend the complaint, defendants appeal. Former order reversed, and case remanded.

*Messrs. Nelson & Mullins,* for appellant, cite: *Motion to make more definite and certain is proper procedure:* 64 S. C. 571; 68 S. C., 257; Code Proc. 1912, Sec. 218; Pom. Code Rems. (4th Ed.) Secs. 235, 345. *Order appealable:* 60 S. C., 521; 36 S. C., 559; 11 S. C., 122. *Complaint states two causes of action:* 41 Hun. (N. Y.), 257; 39 Pac. 56; L. R., 15; J. B. Div., 141; 23 Cyc., 383; 32 S. C., 410; 58 S. C., 532; 16 S. C., 575. *"Jumbling Act" not applicable:* 61 S. C., 170; 64 S. C., 389; 65 S. C., 122; 81 S. C., 317; 65 S. C., 214; 82 S. C., 456; 101 S. C., 440; 106 S. C., 315. *Allowance of amendment after notice of appeal error:* 61 S. C., 1; 36 S. C., 559; 103 S. C., 487.

*Mr. D. W. Robinson, Jr.,* for respondent, cites: *Motion to make more definite and certain:* 81 S. C., 354; 71 S. C., 306; 65 S. C., 126; 66 S. C., 16; 65 S. C., 226; 60 S. C., 526; 101 S. C., 439; 93 S. C., 561; 119 S. C., 97; 119 S. C., 173; 50 S. C., 66. *Not separate causes of action:* 3 Strob. L., 437. *Appeal from order refusing motion to*

*make more definite and certain does not act as supersedeas:*
60 S. C., 521; 87 S. C., 254; 42 S. C., 547; 76 S. C., 189;
71 S. C., 306; 78 S. C., 327.   *Motion to amend addressed to
discretion of Court:*   109 S. C., 352; 89 S. C., 198; 100
S. C., 477; 85 S. C., 419; 85 S. C., 259; 84 S. C., 364; 84
S. C., 117; 82 S. C., 199.

July 23, 1923.

The opinion of the Court was delivered by Mr. Justice
Cothran.

Action for $100,000 damages on account of trespass committed by the defendant's agents and servants upon the premises of the plaintiff on September ——,
1922, and on account of the alleged conduct of the defendant
Saxon, individually and as agent of the company, in coming
to the plaintiff's home on October 12, 1922, and in thus
acting:

"And then and there, the plaintiff being alone, except for
a child two years old, willfully and wantonly cursed and
abused and threatened the plaintiff and her husband for a
considerable length of time, thereby terrifying the plaintiff
and causing her serious and severe nervous shock, from
which she has suffered serious injury to her health."

Before the time for answering the complaint expired, the
defendants served separate motions for an order requiring
the plaintiff to amend the complaint by making it more definite and certain in the following particulars:

(1) By alleging and setting forth therein as a separate
and distinct cause of action the acts of trespass and damage
to and upon the premises of the plaintiff, which are alleged
to have occurred on or about the —— day of September,
1922, and the damages flowing therefrom.

(2) By alleging and setting forth therein as a separate
and distinct cause of action the acts, wrongs, and trespass,
which are alleged to have occurred on or about the 1st day of
October, 1922, and the damages flowing therefrom.

By agreement of counsel the motions were heard at the same time by his Honor, Judge Townsend, Circuit Judge, on January 13, 1923.    He passed an order refusing the motions *pro forma.*

On the same day, January 13, 1923, the defendants gave notice of intention to appeal from said order.

On the same day the plaintiff gave notice of a motion to be heard on January 25, 1923, for an order amending the complaint in certain particulars.

On January 24, 1923, the defendants served their proposed case containing exceptions in the appeal from the order refusing the motions above stated.

On January 25, 1923, the plaintiff's motion for leave to amend the complaint was heard by Judge Townsend and granted.

The defendants then in due time gave notice of intention to appeal from the order of January 25, 1923, allowing the amendment asked for by the plaintiff.

By agreement both appeals are to be heard together.

In the appeal from the order refusing the motions of the defendants, there are four exceptions, but they raise the single point that the complaint contains two separate and distinct causes of action, namely, a cause of action for injury and damage to the premises and realty of the plaintiff, and a cause of action for injury and damage to the person of the plaintiff upon another occasion than the trespass; and that for that reason the defendants were entitled to an order requiring the plaintiff to amend the complaint, making it more definite and certain by separately stating the two causes of action.

In the appeal from the order allowing the plaintiff to amend his complaint there are two exceptions: The one insisting that the appeal of the defendants from the order refusing the motions to require the plaintiff to make the complaint more definite and certain acted as a supersedeas,

and the Court was without jurisdiction; the other, that the order was an abuse of discretion.

The appeal from the order refusing the defendants' motions that the complaint be made more definite and certain.

It is obvious that the complaint contains two separate and distinct causes of action against the defendants.

In the first four paragraphs the plaintiff seeks to recover for an alleged willful and wanton trespass upon the premises of the plaintiff and the consequent injury and damage to the realty resulting therefrom; in Paragraphs 5 and 6 she seeks to recover for a trespass to her person, resulting from an altercation which occurred some two weeks after the alleged trespass and damage to the realty, and alleges that from the conduct of the defendant's agent at that time she sustained serious and severe personal injuries. In these two Paragraphs there is no allegation of a trespass upon the realty or of any damage to it. In the one case the remedy at common law would have been trespass *vi et armis*, and in the other, trespass against the person. *Gunn v. Fellows,* 41 Hun (N. Y.), 257. *Lamb v. Harbaugh,* 105 Cal., 680; 39 Pac., 56. *Brunsden v. Humphrey L. R.,* 14 Q. B. Div., 141; 23 Cyc., 383. *Willoughby v. R. Co.,* 32 S. C., 410; 11 S. E., 339. *Rankin v. R. Co.,* 58 S. C., 532; 36 S. E., 997.

The general rule is that where two or more causes of action are set forth in the same complaint, without being separately stated, the defendant has the right to require the plaintiff to make the complaint more definite and certain by separately setting forth the several causes of action. *Lewis v. Hinson,* 64 S. C., 571; 43 S. E., 15. *Marion v. Charleston,* 68 S. C., 257; 47 S. E., 140; Code, § 218; Pom. (4th Ed.) §§ 235, 345; Code, § 210. *Heilams v. Switzer,* 24 S. C., 39. *Westlake v. Farrow,* 34 S. C., 270; 13 S. E., 469.

The refusal of this right involves the merits and is appealable. *Blakely v. Frazier,* 11 S. C., 122. *Capell v. Moses,* 36 S. C., 559; 15 S. E., 711. *Hawkins v. Wood,* 60 S. C., 521; 39 S. E., 9. *Jumper v. Lumber Co.,* 119 S. C., 171; 111 S. E., 881.

In the case next to the last cited, the Court, by the present Chief Justice, says:

"Section 188 (now 218) of the Code provides that the causes of action which may be united in one complaint must be separately stated. If a motion is made to require the plaintiff to make his complaint definite and certain by stating the causes of action separately, when the allegations of the complaint are appropriate to two or more causes of action, the refusal of such motion necessarily involves the merits. *Blakely & Copeland v. Frazier,* 11 S. C., 122. It is therefore necessary to determine whether two or more causes of action are united in the complaint."

It is contended by the respondent that (apparently assuming that the complaint contains two separate and distinct causes of action) this form of slovenly pleading is permissible under what is known as the "jumbling Statute," Section 216 of the Code, subdivision 2, which is as follows:

"In all cases where two or more acts of negligence or other wrongs are set forth in the complaint, as causing or contributing to the injury, for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instruction of the Court and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint."

The plain words of the Statute negative the idea that two or more causes of action may be "jumbled":

"Where two or more acts of negligence or other wrongs are set forth in the complaint as causing or contributing to

the injury for which suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately."

The relief from the requirement of separate statement is only when there has been one injury and there have been two or more acts which may have caused or contributed to it. In the case at bar, it is alleged that there were two injuries; and while as to each it will not be necessary to state separately the several acts which caused or contributed to it, that is very far from permitting the commingling of two causes of action which have no connection with each other and neither of which can be said to have caused or contributed to the other.

The defendants' motions should have been granted.

In view of this conclusion the appeal of the defendants from the order allowing an amendment of the complaint is of no consequence.

The judgment of this Court is that the order refusing the motions of the defendants that the plaintiff be required to amend the complaint by separately stating the causes of action improperly commingled be reversed, and that the case be remanded to the Circuit Court for further proceedings in conformity herewith.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.