12868

BATEMAN v. WYMOJO YARN MILLS *ET AL.*

(152 S. E., 675)

July, 1929.

Messrs. *Dunlap & Dunlap,* for appellant.

Messrs. *James H. Glenn,* and *Hemphill & Hemphill,* for respondent,

March 26, 1930.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his Honor, Judge Henry, overruling a demurrer interposed by the defendants to the complaint, upon the ground of a misjoinder of causes of action, directing that certain parts of the complaint be stricken out, and allowing a certain amendment to the complaint. I will advert only to that portion of the order which overrules the defendants' demurrer. In my view of the matter the sustaining of the demurrer, as, I think the order should have been, will necessarily dispose of the entire order.

If counsel for the plaintiff have endeavored to follow *any* act permitting a "jumbling" of causes of action, their effort has been successful to a degree. Their contention is that the pleading is justified by Section 427 of the Code of Civil Procedure, commonly referred to as the "Jumbling Act." I do not think so, as I shall endeavor to demonstrate.

The complaint shows that it contains three separate and distinct charges of slander, one for malicious prosecution, one for false arrest and imprisonment, and one for trespass upon his property.

Section 430 of the Code of Civil Procedure definitely specifies the causes of action which may be united in the same complaint:

"1.  *  *  *

"2.  *  *  *

"3. Injuries with or without force, to person and property, or either; or

"4. Injuries to character; or

"5. *   *   *

"6. *   *   *

"7. *   *   *"

But it provides: *"But the causes of action, so united, must all belong to one of these classes.   *   *   *"*

Slander is an injury to character; malicious prosecution is a personal tort, and so are false arrest and imprisonment. Slander comes under subdivision 4; the other under 3.

I think that it is impossible to justify the joinder under the Jumbling Act, Section 427. That section manifestly was not intended to completely revolutionize the practice prescribed in Section 430, relating to the joinder of causes of action. The terms of the section indicate this: "In all cases where two or more *acts of negligence* or other wrongs are set forth in the complaint, as *causing or contributing to the injury,* for which such suit is brought," the plaintiff need not separately state them or be required to elect.

It is impossible to conceive that a slander can cause or contribute to the injury which the plaintiff may have sustained by a malicious prosecution, a false arrest and imprisonment, or a trespass, and *mutatis mutandis.* The Jumbling Act was not intended to permit the jumbling of *causes of action,* but as it distinctly declares, the jumbling of *acts of negligence* which caused or contributed to the injury.

In *Fennell v. Woodward,* 141 S. C., 173, 139 S. E., 383, 385, the Court said: "The salutary object of that statute *   *   *   was to abolish the practice which had prevailed prior to its enactment of requiring the plaintiff in a tort action to make of each separate negligent act or omission, capable in itself of producing the injury, a separate and distinct cause of action in his complaint (citing cases). The assumption upon which that act is predicated—that a cause of action in tort based upon a single injury is not properly divisi-

ble into as many parts as there are separate and independent acts of negligence causing, or contributing to, the result complained of—is, we think, entirely sound."

See, also, *Pendleton v. Ry. Co.,* 133 S. C., 326, 131 S. E., 265.

I think therefore that the order overruling the demurrer should be reversed.

A majority of the Court concur in the foregoing opinion, and it is therefore the judgment of this Court that the order overruling the demurrer be reversed and that the case be remanded to the Circuit Court with leave to the plaintiff to institute, if he be so advised, separate suits against the defendant, in one of which may be joined his alleged causes of action for malicious prosecution, false arrest and imprisonment, and trespass upon real property, and in the other the separate causes of action based upon the alleged slanders. This result may be attained by amending the present complaint by retaining such of the causes of action as may be joined in the same complaint, separately stated, as above indicated and the institution of a distinct and separate action as to the others.

Messrs. Justices Blease, Stabler and Carter concur.

Mr. Chief Justice Watts (dissenting):

The amended complaint in this action states a cause of action in tort for wrongs done to the plaintiff by the two defendants or their duly authorized agents and servants. It will be noted at the outset that the complaint is drawn to conform to the requirements of Section 427, Volume 1 of the 1922 S. C. Code, commonly known as the "Jumbling Act."

The defendants pleading to this complaint filed at the same time both a demurrer and notice to make complaint more certain and specific. This notice required the plaintiff to make his complaint in the above-entitled action more specific and certain by alleging therein such matters to enable the defendants to determine whether the action be one for

false arrest, false imprisonment, and defamation of character, and upon failure to amend the said complaint defendant asked that this be dismissed.

Both the demurrer and motion to make more certain were heard by Judge Henry at the same time. He passed a single order disposing of both matters. In the other, he required the plaintiff to make the complaint more certain and as required by the defendants' motion, to state clearly that the action is one for tort and not an action for violation of contract. It is true that even the amended complaint is one in which several causes of action are jumbled as is allowed under the Jumbling Act. The complaint as amended is founded upon false arrest, false imprisonment, slander, and possibly other wrongs. The purpose of the notice was to make the complaint more definite and certain; and unless amended so as to be a proper complaint under the Jumbling Act, then for the complaint to be dismissed. It is possible that including the tort complained of in the original complaint arising from the implied promise or contract of the defendant, Elmore, acting for the co-defendant, Wymojo Yarn Mills, might be irregular pleading; but when the complaint as amended eliminated any right of action based upon a tort arising from violation of contract, then the complaint beyond all question is a proper complaint in the light of the Jumbling Act, Section 427.

The ground of demurrer was that several causes of action have been improperly united. The wording of the Act is: "In all cases where two or more acts of negligence or other wrongs are set forth in the complaint, as causing or contributing to the injury, for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instruction of the Court and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint."

The respondent thus stated:

"The primary wrong done to the plaintiff was his false arrest and imprisonment. Constituting a part of this offense and leading up to it, the defendants, among other things, were also guilty of slander, defamation of character, trespass and other wrongs. All the acts complained of are closely related and just a series of acts composing together the offense alleged in the complaint and contributing to the injury done the plaintiff and for which he sues these defendants. All the wrongs alleged in the amended complaint are clearly torts arising from the breach of legal duty due the plaintiff by the defendants; all constituting acts relating to one injury so that the pleading is good under the Jumbling Act.

"The allegations as to slander, set forth in the complaint, form such a close and intimate part of other wrongs complained of, that such allegations could not be separated without doing injustice to the injury done the plaintiff.

"In conclusion, we respectfully submit that the amended complaint does not allege any violation of contract as a basis of plaintiff's right of action. The right of action is based upon a number of wrongs arising out of one affair between the plaintiff and the defendants and if the defendants wronged the plaintiff in this transaction in more than one way, then a recovery for all wrongs of whatever nature they might be, in one action is the real purpose of the Jumbling Act. *Schumpert v. Southern Railway*, 65 S. C., 335, 48 S. E., 813, 95 Am. St. Rep., 802; *Du Pre v. Southern Railway*, 66 S. C., 124, 44 S. E., 580; *Machen v. Western Union Telegraph Company*, 72 S. C., 261, 51 S. E., 697."

I agree with them. All exceptions should be overruled and judgment affirmed.