## 17571

James HOPKINS, Respondent, v. Jack G. SHUMAN and Southern
Railway Company, Appellants

(110 S. E. (2d) 713)

*Messrs. Frank G. Tompkins, Jr., John Gregg McMaster,* ·and *Robert J. Thomas,* of Columbia, *for Appellants,*

*Messrs. William Elliott, A. Murray Smith,* and *William P. Donelan,* of Columbia, *for Respondent,*

October 27, 1959.

STUKES, Chief Justice.

This appeal is from denial of defendants' motion for an order requiring the plaintiff to separately state the causes of action alleged in the complaint for (1) false imprisonment and (2) inducing the discharge of the plaintiff from his former employment. It is defendants' contention that those causes of action are stated, whereas plaintiff asserts that only one cause of action is stated, *i. e.,* for false imprisonment, and that the other allegations are of aggravating circumstances. The appeal will be considered and decided in the light of these respective positions of the parties. Whether other causes of action are stated is not in question.

It is alleged *inter alia,* in the complaint that plaintiff was the driver of the truck of an independent contractor who was engaged to pick up freight packages from the warehouse of the defendant Railway Company and deliver them to the consignees, some being c. o. d. shipments for which plain-

tiff collected and turned the money into the company; on March 10, 1959, when plaintiff was about to account for his receipts for the day he was approached by defendant Shuman who was a special agent for the company; he was taken to the freight office where there was also a city detective and they informed plaintiff that certain articles of freight were missing and he was taken to the city police department for questioning; he was kept in custody for two days during which he was given lie detector tests, and his wife, his father-in-law and his mother were questioned at their respective homes, and his mother was also questioned at the city jail; to these relatives plaintiff was accused of being a thief; he was promised immunity and release if he would confess and implicate any others who were involved; no charges were preferred and on the day that he was released from the custody of the police he was informed by defendant Shuman that he had better not be seen about the premises of the railway company in the future and that he could not work longer as a truck driver and plaintiff's employer was so informed by defendant Shuman, whereby plaintiff was discharged from his position.

Consideration of the complaint discloses that, as appellants contend, the two causes of action are alleged, *i. e.,* false imprisonment and wrongful interference with respondent's employment. The latter is a recognized tort (*Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162; *Keels v. Powell,* 207 S. C. 97, 34 S. E. (2d) 482; Annotation, 29 A. L. R. 532) as, of course, is the former. This situation entitles the appellant to separate statement of the causes of action in the complaint. Therefore, the order under appeal will be reversed.

As said by Mr. Justice McIver in *Childers v. Verner,* 12 S. C. 1, different causes of action must be stated separately in a complaint so that the defendant may plead to them separately, if necessary or desirable.

The lower court cited two decisions for its conclusion: *Bell v. Bank of Abbeville,* 208 S. C. 490, 38 S. E. (2d) 641,

and *Ripley v. Rodgers,* 213 S. C. 541, 50 S. E. (2d) 575. The former of these cases is so unlike that in hand as to be of no aid here; and the latter case concerned a complaint which separately stated two causes of action, the question being whether they could be united in one complaint.

Respondent also relies for affirmance upon the "jumbling" statute, Sec. 10-679 of the Code of 1952, "When two or more acts of negligence or other wrongs are set forth in the complaint as causing * * * the injury * * * the party plaintiff * * * shall not be required to state such several acts separately," etc. The effect of this statute (then Sec. 427 of the Code of 1922) and its inapplicability to that case and this were clearly set forth in *Bateman v. Wymojo Yarn Mills,* 155 S. C. 388, 152 S. E. 675, 676. The following is from the opinion of the court by Mr. Justice Cothran: "It is impossible to conceive that a slander can cause or contribute to the injury which the plaintiff may have sustained by a malicious prosecution, a false arrest and imprisonment, or a trespass, and *mutatis mutandis.* The Jumbling Act was not intended to permit the jumbling of *causes of action,* but as it distinctly declares, the jumbling of *acts of negligence* which caused or contributed to the injury."

Similarly it was said in *Bennett v. Follette,* 188 S. C. 348, 199 S. E. 412: "The 'Jumbling Act' (Section 484 [now Sec. 10-679] of the Code) gives relief from the requirement of separate statement of two or more causes of action belonging to one of the classes which may be united under Section 487 (now Sec. 10-701) of the Code, when there has been one injury and the two or more acts may have caused or contributed to it." See also *Matheson v. American Tel. Co.,* 125 S. C. 297, 118 S. E. 617.

The fact here before us is that the complaint alleges at least two separate wrongs and injuries, *i e.,* false imprisonment and interference with plaintiff's employment; they were separate acts or torts which gave rise to two causes of action which should be separately stated.

Sec. 10-701 of the Code of 1952 authorizes the joinder of specified causes of action in the same complaint but provides that they must be separately stated (as does Circuit Court Rule 18). The appellants here followed the proper remedy to require separate statement of the causes of action. *Fowler v. Floyd,* 204 S. C. 118, 28 S. E. (2d) 641.

The order of the lower court is reversed and the respondent may, within twenty days after remittitur filed, serve upon appellants his amended complaint in which the two causes of action, referred to hereinabove, shall be separately stated; and the appellants may plead thereto within twenty days after service upon them of the amended complaint.

Reversed and remanded.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.