21707

The STATE, Respondent, v. Cathy Walker HARRIS, Appellant.
(292 S. E. (2d) 40)

*Asst. Appellate Defender Tara D. Shurling,* of *S. C. Commission of Appellate Defense,* Columbia, and *Charles W. Whiten* and *Hugh Agnew,* Anderson, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Preston F. McDaniel,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

May 24, 1982.

*Per Curiam:*

Following a conviction for voluntary manslaughter, the appellant was sentenced to twenty-four years' imprisonment.

The record in this case is over three hundred pages long. We have determined that less than thirty percent of the included material is relevant to the exceptions or additional sustaining grounds before us. The record grossly offends Rule 4 of the Supreme Court Rules.

Rule 4 repeatedly insists the record comprise only relevant material. We see in this appeal no hint of effort to cull irrelevant matter from the record. We denounce not only this casual violation of Rule 4, but also the shocking waste such disobedience begets. At the expense of the State, the mass of irrelevant material in this record has been photocopied,

bound, transported, served and stored. We cannot countenance such cavalier disregard of the State's fiscal resources and of conscientious appellate practice.

Both attorneys signed the certificate of relevance demanded by Rule 4. The certificate of relevance is the attorneys' personal assurance to the Supreme Court that the record complies with Rule 4. We admonish the attorneys to make certain any future record complies with Rule 4 before they certify the relevance of all it holds.

The Court expects this opinion will awaken appellate lawyers to their office and duty of presenting only relevant matter in the transcript of record. If that purpose fails, however, the Court reserves the right to impose sanctions, including an order that the offending lawyer pay the cost of reproducing the irrelevant material.

In the case before us, we have carefully studied the briefs and the relevant parts of the record and find no error of law. In our judgment, a full written opinion would have no precedential value. Therefore we affirm the judgment of the lower court under Rule 23 of the Rules of Practice of this Court.