0482

Michael ROUSE, Appellant, v. Marvin L. McCRORY d/b/a Metro Inn and Sizemore Security International, Inc., Respondents.

(334 S. E. (2d) 517)

Court of Appeals

312

*Daphne D. Sipes,* San Antonio, Tex., *for appellant.*

*Charles E. Hill* of *Turner, Padget, Graham & Laney,* Columbia, *for respondent McCrory, d/b/a Metro Inn.*

*Charles E. Carpenter, Jr.,* and *George C. Beighley* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent Sizemore Sec. Intern., Inc.*

Heard Feb. 25, 1985.

Decided May 28, 1985.

GARDNER, Judge:

This civil action for assault and battery was brought by Michael Rouse against the motel (McCrory) and Sizemore, which is a security corporation. McCrory entered into a contract with Sizemore by which it was agreed that Sizemore would provide security for McCrory's motels. Rouse's

first cause of action against Sizemore alleges negligence, recklessness and wantonness by reason of alleged misconduct of one of Sizemore's guards while working at McCrory's motel; his second cause of action against McCrory is based upon the allegation that Sizemore was the agent of McCrory. The trial judge directed a verdict in favor of McCrory and the jury then awarded damages against Sizemore in the amount of one dollar. We affirm in part, reverse in part and remand.

## FACTS

In the early morning hours of September 1, 1979, Rouse and a friend drove into the parking lot of McCrory's motel; they parked and got out of the car and were spotted by a security guard employed by Sizemore. The guard hollered, "Stop!" Rouse jumped into his automobile and "burned rubber" leaving the parking lot.

From Rouse's conduct, the guard concluded that Rouse was going to try to run him down as he left the motel parking lot. He also testified that he thought he saw Rouse go for a gun. As the car passed, the guard shot four shots, one of which hit Rouse in the head, seriously injuring him. No gun was found on Rouse or in his vehicle.

The two issues necessary for decision are whether the trial judge erred by (1) granting a directed verdict for McCrory because he refused to allow into evidence testimony proffered by Rouse which allegedly indicated McCrory was negligent in contracting with Sizemore, and (2) by allowing into evidence an arrest warrant issued against Rouse charging him with grand larceny, which warrant was later nolprossed.

## I.

The trial judge directed a verdict for McCrory because he found that there was no evidence of agency;[1]

---

[1] The test to establish agency is whether the purported principal has a right to the control of his alleged agent. *Fernander v. Thigpen,* 278 S. C. 140, 293 S. E. (2d) 424 (1982). On the other hand an independent contractor is one who, in exercising employment, contracts to do certain work, without being subject to control of his employer, except as to the product or result of his work. *See Negligent Selection of Contractor,* 41 Am. Jur. (2d) *Independent Contractors,* Section 8.

he held that Sizemore was an independent contractor. Rouse attacks the directed verdict on only one ground, ■ i.e., that McCrory was negligent in contracting with Sizemore;[2] all other exceptions were abandoned because of failure to argue them. *Nelson v. Merrit,* 281 S. C. 126, 314 S. E. (2d) 840 (Ct. App. 1984).

This argument is based upon testimony proffered by Rouse that another one of Sizemore's guards on another occasion hit a plainclothes deputy sheriff when he suddenly put his hand in his back pocket after entering McCrory's motel. The deputy sheriff had been seen by the guard in question, while he was still in the parking lot, as he put a pistol in his back pocket and covered it with his sweater.

The trial judge properly excluded this testimony for two reasons. The first is that it was not responsive to Rouse's pleadings. Rouse pled this:

> The defendants had, upon information and belief, knowledge of the propensities of the agent who inflicted the aforesaid injuries upon plaintiff and such agent had acted viciously in the past and likewise injured business invitees.

This allegation relates to Sizemore's guard on duty the night that Rouse was shot. The proffered testimony relates to another guard and therefore is not responsive to the pleadings.

No allegation of general negligent employment or negligent selection of a contractor is made in Rouse's complaint.

Additionally, the proffered testimony was irrelevant since there was no evidence of prior trouble by the guard involved in the case before us; nor was there evidence that Sizemore had not taken appropriate action against the guard who hit the deputy. The trial judge properly excluded this evidence as having nothing to do with the case at hand and we so hold. Admission of evidence is largely within the discretion of the trial judge. *State v. Hale,* _____ S. C. _____, 326 S. E. (2d) 418 (Ct. App. 1985).

---

[2] For a decision of liability for the negligent employment of an independent contractor, *see* 41 Am. Jur. (2d) *Independent Contractors,* Section 26.

## II.

Rouse next asserts that the trial judge erred in admitting into evidence an arrest warrant served on Rouse which charged Rouse with grand larceny; this warrant was nol-prossed. This exception is meritorious. The evidence was not admissible for impeachment purposes because there was no conviction. It was not admissible for purposes of showing the guard's apprehension of bodily harm because there is no evidence of record that the guard knew of the incident; this is the reason that Sizemore's argument about Rouse's intent, motive and scheme is irrelevant. We additionally hold that this evidence was very prejudicial to Rouse and that the admission thereof is reversible error.

For the above reasons, the judgment below is affirmed as to McCrory and reversed as to Sizemore and remanded for a trial *de novo*.

Affirmed in part, reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.