0494

The STATE, Respondent, v. Leadea SUMPTER, Appellant.

(332 S. E. (2d) 774)

Court of Appeals

*Asst. Appellate Defender Tara D. Shurling, S. C. Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and Carlisle Roberts, Jr., and Staff Atty. Amie L. Clifford, Columbia, and Solicitor James O. Dunn, Conway, for respondent.*

June 10, 1985.

GARDNER, Judge:

Leadea Sumpter (Sumpter) was tried for murder and convicted of voluntary manslaughter. We affirm.

## FACTS

The homicide in this case arose out of a lover's quarrel between Sumpter and the victim, Chesley L. Hamright (the victim). The altercation began in Sumpter's apartment where Sumpter, in allegedly defending herself, used a knife in the fight. The parties then apparently reconciled and walked from Sumpter's apartment to the victim's automobile located in a parking lot where another altercation occurred. The victim received five stab wounds, four of which were major. Three of the major wounds were in the back.

The only issue raised on appeal is Sumpter's allegation that the trial judge erred in failing to direct a verdict or grant judgment n.o.v. because the only inference from the testimony was that Sumpter killed the victim in self-defense.

This court sits in criminal cases to review errors of law only. *State v. Bethea*, 241 S. C. 16, 126 S. E. (2d) 846 (1962).

After a careful review of the record, we conclude that the evidence as a whole supports the finding of the jury that Sumpter unlawfully killed the victim in sudden heat or passion and not in self-defense. No purpose will be served by reviewing the evidence to support this finding; we therefore affirm the judgment below.

We have read the entire record before us and find that much of the record has no bearing on either the self-defense question or whether the evidence is susceptible of the inference that appellant is guilty of voluntary manslaughter notwithstanding a plea of self-defense.

After the Supreme Court decided *State v. Harris*, 278 S. C. 46, 292 S. E. (2d) 40 (1982) and admonished appellant lawyers to make certain any future record complies with Rule 4 before they certify the relevance of all it holds [278 S. C. at 46, 292 S. E. (2d) at 40], it became essential and imperative

that the bar of this state abide by Rule 4. Attorneys for all sides sign the certificate; they are not only duty bound but honor bound to establish that irrelevant material is *not* contained in a transcript of record presented our appellate courts. Compliance with Rule 4 will be required by this court.

Under *Merritt v. Grant*, 328 S. E. (2d) 346 (Ct. App. 1985), we remand this case to the trial court for it to determine the amount of irrelevant material the transcript of record contains and for it to impose appropriate sanctions. The trial court shall make a report to this court concerning its findings and sanctions. Upon receipt of the report, this court may either approve, disapprove or modify the sanctions imposed by the trial court.

If counsel in other cases pending before the Court of Appeals are concerned about a possible violation of Rule 4, they should review the transcript of record in those cases and make an appropriate motion to amend the record should egregious violations of Rule 4 exist. In this way much needless time spent by this court and its staff in reading and preparing the cases for decision can be saved.

We deem the following written by the Supreme Court in 1935 appropriate:

> Some attorneys seem to think [Rule 4] gives them authority to print all the testimony whether or not it is pertinent to the issues submitted to this court for determination. This entails on the court an unnecessary burden of reading the irrelevant testimony and weeding therefrom that which is of value in the decision of the issues.

> The transcript of record in this case is a formidable document. . . . It contains pages of testimony which are but repetitions of questions many times asked and answered, and pages of documents and figures through which the court must go to find the relevant testimony.

> We bring this matter in all kindness of spirit to the attention of the members of the bar, since by a proper preparation of their transcripts of record they may save the court much unnecessary labor.

*Anderson v. Aetna Casualty & Surety Co.*, 175 S. C. 254 at 259, 178 S. E. 819 at 820 (1935).

For the reasons stated, the judgment of the court below is affirmed, but the case is remanded in accordance with this decision.

Affirmed and remanded.

BELL and CURETON, JJ., concur.