0649

Neville Patrick HENDERSON, Appellant v. GOULD, INC., South Carolina Electric & Gas Company, and Underwriters Laboratories, Inc., Respondents.

(341 S. E. (2d) 806)

Court of Appeals

*Tobias G. Ward, Jr.,* and *James D. Cooper, Jr.,* of *Ratchford and Cooper,* Columbia, *for appellant.*

*Douglas McKay, Jr.,* of *McKay, McKay, Grubbs & Nunn; Charles E. Carpenter, Jr.,* and *F. Barron Grier, III,* of *Richardson, Plowden, Grier & Howser,* and *John C. B. Smith, Jr.,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondents.*

Heard Dec. 16, 1985.

Decided March 12, 1986.

SANDERS, Chief Judge:

Appellant Neville Patrick Henderson sued respondents Gould, Inc. (Gould), South Carolina Electric & Gas Co. (SCE&G) and Underwriters Laboratories, Inc. (UL) alleging facts which purport to constitute causes of action for negligence, breach of warranties and strict liability. The Circuit Court granted a motion by Gould to strike the causes of

action for breach of warranties and strict liability. We affirm in part, reverse in part and remand.

The following facts are taken from the statement included in the transcript of record on appeal and from the allegations of Henderson's complaint.[1]

Henderson brought this action seeking to recover damages for an injury he allegedly received while he was installing the electrical system in a plant constructed for Gould.

In the part of his complaint styled "FOR A FIRST CAUSE OF ACTION," Henderson alleges Gould, SCE&G and UL were negligent in several particulars. We need not address the specific allegations contained in this part of the complaint because no issue is presented on appeal as to this cause of action.

In the part of his complaint styled "FOR A SECOND CAUSE OF ACTION," Henderson alleges the same defendants breached certain warranties implied by law and are strictly liable to him. Although this part of the complaint appears to jumble causes of action for breach of warranties and strict liability, the record does not reveal any motion to require the causes of action be stated separately.[2]

As to Gould, the complaint alleges Gould was engaged in

---

[1] See *Patel v. Southern Brokers, Ltd.*, 277 S. C. 490, 289 S. E. (2d) 642 (1982) (parties are bound by the statement included in the transcript of record). *Cf. Mason v. Williams*, 194 S. C. 290, 299, 9 S. E. (2d) 537, 541 (1940) ("A motion to strike out a pleaded defense as not constituting a defense, and therefore irrelevant and immaterial, is in the nature of a demurrer, and for the purpose of the motion, the allegations or matters sought to be stricken are admitted to be true.").

[2] See *Hopkins v. Shuman*, 235 S. C. 191, 193, 110 S. E. (2d) 713, 715 (1959) ("[D]ifferent causes of action must be stated separately in a complaint so that the defendant may plead to them separately, if necessary or desirable."); *Fowler v. Floyd*, 204 S. C. 118, 28 S. E. (2d) 641 (1944) (when causes of action are jumbled in a complaint, defendant's remedy is to move to require them to be stated separately). While the instant case was pending on appeal, the new South Carolina Rules of Civil Procedure were adopted. *See* Act No. 100, 1985 S. C. Acts 277; H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* (2d ed. 1985). S.C.R. Civ. P. 8(e)(2) provides: "A party may set forth two or more statements of a cause of action or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses." S.C.R. Civ. P. 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

designing and manufacturing all types of switchboards sold for use by the general public and, in particular, by persons employed to install and repair switchboard devices for consumers. Gould expected the switchboards to reach consumers and users in the same condition existing when they were manufactured and sold. Gould manufactured, maintained and provided a temporary switchboard to Henderson's employer for use at the construction site. This switchboard was in a defective condition, unreasonably dangerous to a consumer, and was in the same condition existing when Gould manufactured it for the general public. Henderson was injured while using the temporary switchboard in performing a changeover from it to a permanent switchboard. Henderson was unaware of any defect in the temporary switchboard or any danger to him as a result of using it. He relied on Gould to deliver the temporary switchboard in a condition fit to be used for the purpose intended and his injury was caused by the failure of Gould to do so. The complaint further alleges facts about a certain metal cage surrounding the temporary switchboard. These facts are essentially the same as those alleged in the part of the complaint relating to the temporary switchboard itself.

As to SCE&G, the complaint alleges SCE&G was engaged in manufacturing and selling electricity, sold to the general public as ultimate users and consumers, and intended to reach the public in the same condition existing at the time of its manufacture and sale. SCE&G sold electricity to Gould for use at its construction site. The electricity was an ultra-hazardous product in a defective condition, unreasonably dangerous to a user or consumer. Henderson was using this electricity when he was injured and was unaware of its defective condition or any danger to him as a result of using it. The electricity was in the same condition existing when it was sold and delivered to Gould. SCE&G provided no warnings as to the safe and proper use of the electricity. The complaint further alleges Henderson relied on SCE&G to deliver the electricity in a condition fit for the purpose intended, and his injury was caused by its failure to do so.

As to UL, the complaint alleges UL jointly and concurrently participated with Gould in the design, manufacture and sale of the temporary switchboard in that UL approved

it and assisted and promoted its sale by affixing a seal of approval on it. The complaint then repeats essentially the same allegations as to UL and the temporary switchboard which it alleged as to Gould and the switchboard.

Gould moved for an order striking from the complaint all allegations of breach of warranties and strict liability "on the grounds that this defendant [was] not a seller within the meaning of the Uniform Commercial Code."

SCE&G moved for summary judgment based in part on its assertion that electricity is not "a product within the meaning of South Carolina's strict tort liability and warranty laws."

Gould's motion to strike was heard by the Circuit Court at which time the court considered arguments of counsel and the pleadings of the parties. Thereafter, the court issued its order requiring Henderson to amend his complaint so as to delete the causes of action for breach of warranties and strict liability "for the reason that the Defendant Gould, Inc. was not a seller within the meaning of the Uniform Commercial Code nor the Restatement of Torts, (2d), Section 402(a)."

SCE&G's motion for summary judgment is still pending.

The issues raised by Henderson's exceptions on appeal of the Circuit Court order are: (1) whether the order applies to the allegations of breach of warranties and strict liability against SCE&G and UL as well as to Gould; (2) whether the order should be reversed because it fails to state separate findings of fact and conclusions of law; and (3) whether the Circuit Court erred in striking the causes of action for breach of warranties and strict liability.

In addition to these issues, we also address the issue raised by Gould in its brief of whether the order should be affirmed because Henderson's exclusive remedy is provided by the South Carolina Workers' Compensation Act.

I

We first address whether the Circuit Court order applies to the allegations of breach of warranties and strict liability against SCE&G and UL.

We conclude the order was not so intended and should not be so applied. The order was issued in response to Gould's

motion. The motion was made and granted on the ground Gould was not a seller. Neither SCE&G nor UL joined in the motion and neither the motion nor the order refer to SCE&G or UL. In order for us to conclude the order was intended to strike the allegations of breach of warranties and strict liability against SCE&G and UL, we would have to conclude the court intended to grant these defendants relief which they had not sought on a ground inapplicable to them. This would have been error. *See Friedberg v. Goudeau,* 279 S. C. 561, 309 S. E. (2d) 758 (1983) (order granting motion for summary judgment reversed because ground on which motion granted not properly before the court); *Bass v. Bass,* 272 S. C. 177, 180, 249 S. E. (2d) 905, 906 (1978) ("Due process requires that a litigant be placed on notice of the issues which a court is to consider."); *Skinner v. Skinner,* 257 S. C. 544, 186 S. E. (2d) 523 (1972) (in granting a motion, a court ordinarily may not grant relief beyond the scope of the motion).

The fact that SCE&G's motion for summary judgment is still pending buttresses our conclusion.

## II

We next address whether the order should be reversed because it fails to state separate findings of fact and conclusions of law.

We conclude the order should not be reversed for this reason. Section 15-35-110, Code of Laws of South Carolina, 1976, provides:

> Upon the trial of a question of fact by the court its decision shall be given in writing and shall contain a statement of the facts found and the conclusions of law, separately. Upon a trial of an issue of law, the decision shall be made in the same manner, stating the conclusion of law.

The issues presented by Gould's motion were issues of law, not fact. While the order does not set out conclusions of law as such, it adequately states the legal basis for the result the court reached. Moreover, Section 15-35-110 is directory rather than mandatory and failure to follow its directions does not require reversal. *Housing Authority of City of*

*Charleston v. Olasov,* 282 S. C. 603, 320 S. E. (2d) 478 (Ct. App. 1984); *May v. Cavender,* 29 S. C. 598, 7 S. E. 489 (1888).[3]

## III

We next address whether the Circuit Court erred in striking the causes of action for breach of warranties and strict liability.

### A

We conclude the Circuit Court did not err in striking ■■ the cause of action for breach of warranties. The complaint contains no allegation of any express warranty by Gould. In this state, warranties implied by law are recognized pursuant to the Uniform Commercial Code (UCC). *See* §§ 36-1-101 to 36-10-103. Before an implied warranty can arise under the UCC, a sale must first occur. *See* §§ 36-2-314 and 36-2-315. Henderson's complaint does not allege any sale of the temporary switchboard by Gould. Furthermore, Henderson fails to argue in his brief his exceptions asserting error by the Circuit Court in striking as to Gould the causes of action for breach of warranties. Exceptions not argued are deemed abandoned. *Rouse v. McCrory,* 286 S. C. 311, 334 S. E. (2d) 517 (Ct. App. 1985).

### B

We conclude the Circuit Court did err in striking the cause of action for strict liability. In 1974, our legislature made the doctrine of strict liability a part of the statutory law of this state by enacting almost verbatim Section 402A of the Restatement (Second) of Torts (1965). *See* 1974 S. C. Acts 2782. Section 402A was later codified as Section 15-73-10 of the Code. Section 15-73-10 provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm

---

[3] During the pendency of this case on appeal, S.C.R. Civ. P. 52(a) was adopted replacing Section 15-35-110, Code of Laws of South Carolina, 1976. The new rule specifically provides, "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." (A motion to strike is now governed by S.C.R. Civ. P. 12(f).)

caused to the ultimate user or consumer, or to his property, if

(a) The seller is engaged in the business of selling such a product, and

(b) It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) shall apply although

(a) The seller has exercised all possible care in the preparation and sale of his product, and

(b) The user or consumer has not bought the product from or entered into any contractual relation with the seller.

Although Section 402A and Section 15-73-10 use the terms "sells" and "seller," these terms are merely descriptive and the doctrine of strict liability may be applied if the requirements for its application are otherwise met, even though no sale has occurred in the literal sense. *See, e.g., Link v. Sun Oil Co.*, 160 Ind. App. 310, 316, 312 N. E. (2d) 126, 130 (1974) ("The word 'sells' as contained in the text of § 402A is merely descriptive, and the product need not be actually sold if it has been injected into the stream of commerce by other means."). Our Supreme Court has implicitly recognized that a sale is not required for the doctrine to be applied. *See Schall v. Sturm, Ruger Co.*, 278 S. C. 646, 648, 300 S. E. (2d) 735, 736 (1983) ("Recovery under Section 15-73-10, Code, does not rest upon any rights or duties framed by some *transaction*, as in the case in a suit for breach of warranty, even where privity has been abolished.").

Because it is of no consequence, insofar as the cause of action for strict liability is concerned, that Henderson's complaint does not allege Gould was a seller, the Circuit Court erred in granting Gould's motion to strike on this ground. Gould's motion was not made or granted on any other ground and did not raise any issue of whether the temporary switchboard had been injected into the stream of commerce. The only argument advanced by Gould which even alludes to this issue is the statement contained in its brief to the effect that it *did not sell the switchboard and*

was using it "internally." Cases in other jurisdictions have held the doctrine of strict liability does not apply where the defendant has kept the product for its own purpose. *See, e.g., CNG Producing Co. v. Columbia Gulf Transmission Corp.,* 709 F. (2d) 959 (5th Cir. 1983). However, in the instant case, Henderson's complaint does not allege Gould was using the temporary switchboard or even that it was being used for Gould's purpose. Rather, it alleges only that Gould provided the switchboard to Henderson's employer for use at Gould's plant and Henderson was using it there. At the very least, further development of the facts on this issue is desirable. *Cf. Westminister Co. v. Wingo,* 286 S. C. 244, 332 S. E. (2d) 570 (Ct. App. 1985) (a motion for summary judgment should be granted only where there is no genuine issue as to any material fact and further inquiry into the facts is not desirable). Furthermore, this issue raises important questions of novel impression which could have far reaching effect and should not be decided by way of a motion to strike. *Cf. Accordini v. Security Central, Inc.,* 283 S. C. 16, 320 S. E. (2d) 713 (Ct. App. 1984) (important questions of novel impression which could have far reaching effects should not be decided by way of demurrer).

## IV

Finally, we address whether the Circuit Court should be affirmed because Henderson's exclusive remedy is provided by the South Carolina Workers' Compensation Act. We conclude the order should not be affirmed for this ██ reason. Gould argues that it was a statutory employer of Henderson as a matter of law because he was an employee of its subcontractor. We reject this argument. "The provisions of the Act which make an employee of a subcontractor a statutory employee of an owner are applicable only if the work being performed by the subcontractor is a part of the owner's trade, business or occupation. *See Bigham v. Nassau Recycle Corp.,* 285 S. C. 200, 328 S. E. (2d) 663 (Ct. App. 1985). Henderson's complaint does not contain allegations from which it can be determined whether the work being performed by his employer was a part of Gould's trade, business or occupation. Therefore, the decision on this issue also will have to await further development of the facts.

In summary, we hold the Circuit Court order does not apply to the allegations of breach of warranties and strict liability against SCE&G and UL; the order should not be reversed because it does not state separate findings of fact and conclusions of law; the part of the order striking the cause of action for breach of warranties is affirmed; the part of the order striking the cause of action for strict liability is reversed; and the case is remanded for further proceedings not inconsistent with this order.

Accordingly, the order of the Circuit Court is

Affirmed in part, reversed in part and remanded.

GARDNER and CURETON, JJ., concur.