## 22550

The STATE, Petitioner-Respondent v. Leadea SUMPTER, Respondent-Petitioner.

(344 S. E. (2d) 148)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Carlisle Roberts, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. James O. Dunn,* Conway, *for petitioner-respondent.*

*Asst. Appellate Defender Tara D. Shurling of S. C. Office of Appellate Defense,* Columbia, *for respondent-petitioner.*

Heard April 7, 1986.

Decided May 19, 1986.

*Per Curiam:*

We granted certiorari to review a portion of the decision of the Court of Appeals reported at 286 S. C. 150, 332 S. E. (2d) 774 (Ct. App. 1985). We reverse.

Sumpter was convicted of voluntary manslaughter and sentenced to ten years in prison. On direct appeal, Sumpter raised one exception asserting error in the trial court's refusal to direct a verdict in her favor on the basis of self-defense. The Court of Appeals affirmed. The merits of Sumpter's appeal are not before this Court on certiorari.

In affirming Sumpter's conviction, the Court of Appeals held the appellate attorneys for both sides had grossly violated Supreme Court Rule 4 by including irrelevant matter which had no bearing on the issues on appeal. The case was remanded to the trial court to determine the amount of irrelevant matter contained in the record and to impose sanctions. The trial court was directed to file a report with the Court of Appeals detailing its findings and its recommended sanctions. The Court of Appeals retained authority to approve, disapprove or modify the sanctions imposed by the trial court.

Both sides petitioned for writ of certiorari, asserting the Court of Appeals erred in holding the record in this case violated Supreme Court Rule 4. We agree.

In preparing a transcript for appeal, counsel are required to omit from the record testimony that is irrelevant to the issues to be decided. Supreme Court Rule 4, Section 4. When moving for settlement of the record, the attorneys for the appellant and the respondent must certify that the proposed case, or the objections and amendments, contain no irrelevant material. Rule 1, Section 3(E). When printed, the transcript must contain a certificate of counsel that all irrelevant matter has been deleted and the requirements of Rule 4 have been satisfied. Rule 4, Section 2. We have emphasized the importance of this certificate since it is the

attorney's personal assurance to the Court that the record is in compliance with the Rule. *State v. Harris*, 278 S. C. 46, 292 S. E. (2d) 40 (1982).

We appreciate the efforts of the Court of Appeals to require strict compliance with Rule 4 and agree that strict compliance is necessary for efficient appellate review. However, based on our review of the record in this case, we believe the attorneys complied with the requirements of Rule 4. While isolated portions of the record may contain some unnecessary material, any violation of Rule 4 in this case is insignificant.

When the issue on appeal involves a motion for directed verdict or a question on the sufficiency of the evidence, it is not improper to include all of the trial testimony. *Industrial Equipment Company v. Montague*, 224 S. C. 510, 80 S. E. (2d) 114 (1954). See also *Lawlor v. Scheper*, 232 S. C. 94, 101 S. E. (2d) 269 (1957).

That portion of the Court of Appeals' opinion which held the attorneys violated Supreme Court Rule 4 is reversed.