0944

PAWLEY'S ISLAND CIVIC ASSOCIATION, Appellant v. Winfred JOHNSON, The Georgetown County Health Department, and South Carolina Department of Health and Environmental Control, Respondents.

(355 S. E. (2d) 541)

Court of Appeals

*J. Reese Daniel,* of *Daniel & Daniel,* Columbia, *for appellant.*

*Walton J. McLeod, III, Gen. Counsel,* and *George O. Hallman, Jr.,* Columbia, and *Sylvan L. Rosen,* Georgetown, *for respondents.*

Heard June 23, 1986.

Decided July 15, 1986.

GOOLSBY, Judge:

Pawley's Island Civic Association brought an action to enjoin Winfred Johnson, the Georgetown County Health Department, and the South Carolina Department of Health and Environmental Control (DHEC) from either causing or permitting the construction and operation of an individual waste disposal system on a Pawley's Island lot owned by Johnson. The Association alleged that the County Health Department and DHEC issued Johnson a septic tank permit in violation of applicable DHEC regulations. The trial court denied the injunction and held the permit was properly issued. The Association appeals. We affirm.

1. We find no merit in the Association's contention ■■ that the trial court failed to set forth separately its findings of fact and conclusions of law in violation of Section 15-35-110 of the South Carolina Code of Laws (1976), a statute now repealed. *See,* 1985 S. C. Acts 100; S.C.R. CIV.P. 52(a). After detailing the Association's allegations concerning DHEC's issuance to Johnson of an individual waste disposal system permit, the trial court found that the Association "failed to provide that the Association "failed to provide any evidence which substantiates any of the allegations contained in [its] petition" and that the Association "failed to produce any evidence showing that the . . . County Health Department and [DHEC] abused their discretion in granting . . . Johnson a septic tank permit." The trial court then concluded that the County Health Department and DHEC could "properly issue a septic tank permit to . . . Johnson" and that Johnson could "construct a septic tank system in accordance with this permit." We think the trial court substantially complied with Section 15-35-110. In any case, the statute's requirement that a trial court separately

state its findings of fact and conclusions of law is directory merely and provides no basis for invalidating a judgment. *May v. Cavender*, 29 S. C. 598, 7 S. E. 489 (1888); *Henderson v. Gould, Inc.*, 288 S. C. 261, 341 S. E. (2d) 806 (Ct. App. 1986).

2. We find no error in the trial court's findings that the allegations of the Association's petition lacked evidentiary support and that no evidence was produced by the Association showing the County Health Department and DHEC abused their discretion in issuing Johnson a septic tank permit. The Court of Appeals may review in an action in equity tried, as this action was, before the judge alone without a reference all the evidence to determine the facts in accordance with its own view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). This broad scope of review in equity cases, however, does not require the Court of Appeals to disregard the findings of the trial court and it does not relieve an appellant from the burden of convincing the Court of Appeals that the trial court erred. *Georgia Railroad Bank and Trust Co. v. Doolittle*, 272 S. C. 249, 252 S. E. (2d) 556 (1979). After reviewing the record, the trial court's order and the parties' briefs and after hearing oral arguments on the questions presented by the Association's appeal and based on our view of the preponderance of the evidence, we conclude the findings made by the trial court are correct and its judgment should be affirmed.

3. As to the Association's appeal from the order of the trial court settling the record on appeal, we find no error in the trial court's requiring the parties to print the testimony of Winfred Johnson, Ed Stevens, and Phillip M. Cooper. *See State v. Sumpter*, 286 S. C. 574, 344 S. E. (2d) 148 (1986) ("When the issue on appeal involves a motion for directed verdict of a question on the sufficiency of the evidence, it is not improper to include all of the testimony").

Affirmed.

GARDNER, J., and MENDENHALL, A. J., concur.